## Richmond

### Virginia Electric and Power Company v. Robert F. Shaffer, Et Al., T/A, Etc., Et Al.

December 6, 1968.

Record No. 6765.

Present, Eggleston, C.J., Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*Joseph M. Spivey, III, (George D. Gibson; E. Milton Farley, III; Hunton, Williams, Gay, Powell & Gibson, on brief), for appellant.*

*John Alexander; Ralph J. Luttrell for appellees.*

I'Anson, J., delivered the opinion of the court.

Virginia Electric and Power Company (VEPCO) filed its petition, pursuant to the provisions of Title 25, Chapter 1.1, Code of 1950, as amended, 1964 Repl. Vol., for condemnation of electric transmission line easements over, upon and across two large tracts of land, one owned by Robert F. Shaffer and Charles D. Shaffer, trading as Pandora Farms, and the other by Edwin N. Trenis.

Commissioners were appointed to ascertain just compensation to the landowners for the property taken and damages, if any, to the residue. After viewing the premises, hearing evidence, and receiving the instructions of the court, the commissioners rendered their report, awarding $43,880 to the owners of the Shaffer property, and $38,306 to Trenis.

VEPCO filed exceptions to the report, alleging, *inter alia*, that the awards were such as to indicate "improper conduct" entered into the report in that the commissioners were motivated by bias or prejudice and misunderstood the instructions of the court and proceeded upon erroneous principles. It asked the court to require the commissioners to appear for the purpose of explaining their report and advising the court as to the manner in which it was determined, under the provisions of § 25-46.21, Code of 1950, as amended, 1964 Repl. Vol.

After a hearing on the exceptions, the trial court ruled that the allegations of "improper conduct * * * are not sufficient in law to warrant recalling and questioning the commissioners," but granted VEPCO leave to file such amended exceptions "as it may be so advised to factually enumerate those actions of the condemnation commissioners which it contends constitute improper conduct * * *."

The supplemental exceptions alleged that improper conduct entered into the report of the commissioners because (a) they misunderstood certain instructions of the court with respect to what property properly constituted the residue and proceeded upon erroneous principles in determining damages to the residue; and (b) in determining damages to the residue, they improperly considered that the land within the easements of right of way constituted a portion of the residue.

After a further hearing, the court overruled all exceptions to the report on the grounds that the allegations of improper conduct were not sufficient to warrant recalling and questioning the commissioners, and entered its "decree" confirming the report. To this final "decree" (*order*—see, *Dove* v. *May*, 201 Va. 761, 762-763, 113 S. E. 2d 840, 841 (1960)) we granted an appeal.

VEPCO's sole assignment of error is that the trial court erred in refusing to recall and question the commissioners as to the manner in which their report was determined.

The assignment of error presents two questions:

(1) Is the trial court required, under Code § 25-46.21, to recall the commissioners and question them as to their report if the exceptions allege that improper conduct entered into the report because the

commissioners misunderstood the instructions of the court and proceeded on erroneous principles, and that they improperly considered the land within the easements of the right of way in determining damages to the residue?

(2) Is a mere allegation in the exceptions that "improper conduct" entered into the report, without supporting facts, sufficient to warrant the recalling of the commissioners for questioning as to how they arrived at their report?

The pertinent part of Code § 25-46.21 provides that upon hearing of exceptions the court shall not recall the commissioners "unless there be an allegation in such written exceptions that fraud, collusion, corruption or improper conduct entered into the report. If such allegation is made the judge shall summon the commissioners to appear, and he alone shall question them concerning their actions."

The answer to the first question is found in our recent case of *Colonial Pipeline Co.* v. *Lohman*, 207 Va. 775, 784-786, 152 S. E. 2d 34, 41, 43 (1967). For the reasons there stated, we held that the trial court properly refused to question the commissioners, who had been recalled, on matters not related to fraud, collusion, corruption or improper conduct; and that "improper conduct" within the meaning of the statute does not include granting an excessive award, misunderstanding the court's instructions, or proceeding under erroneous principles.

*State Highway Commissioner* v. *Skillman*, 206 Va. 39, 141 S. E. 2d 700 (1965), relied on by VEPCO, has no application to the present case because it did not involve the issue of recalling and questioning the commissioners. Moreover, nothing we said in *Colonial, supra,* was in conflict with the principles stated in *Skillman.*

For answer to the second question, whether a mere allegation that improper conduct entered into the report, without supporting facts, is sufficient to justify recalling and questioning the commissioners, we look to the statute.

Under the provisions of Code § 25-46.21, the judge is not required to recall and question the commissioners concerning their actions unless it is alleged in the "written exceptions that fraud, collusion, corruption or improper conduct entered into the report." The clear import of the statute is that there must be some factual allegation of improper conduct which casts suspicion upon the integrity of the commissioners' report before the judge is required to recall the commissioners and question them. A mere allegation of improper conduct, without stating what actions of the commissioners constituted

such, is a conclusion of law which furnishes neither information for the trial judge to determine the sufficiency of the exceptions nor a basis upon which he may frame questions to examine the commissioners. Whether misconduct entered into the report of the commissioners is a factual question, and good pleading requires that such an allegation be supported by facts which, if proved, would amount to misconduct in fact.

If an allegation that improper conduct entered into the commissioners' report, without more, were deemed sufficient to recall the commissioners and question them as to their actions, every disgruntled litigant, with or without adequate grounds, could use this legal vehicle in an attempt to set aside the commissioners' awards. Clearly the legislature did not intend that § 25-46.21 be utilized to conduct a "fishing expedition" in the hope that upon recalling and questioning the commissioners, improper conduct might appear.

We hold that since the exceptions to the commissioners' report alleging improper conduct were not supported by facts which, if proved, would constitute misconduct, the trial court was not required to recall and question the commissioners.

For the reasons stated, the judgment complained of is

*Affirmed.*