## Richmond

STATE HIGHWAY AND TRANSPORTATION COMMISSIONER OF
VIRGINIA

V.

JAMES V. GARLAND, ET AL.

June 18, 1982.

Record No. 791824.

Present: All the Justices.

*Richard A. Walton, Jr., Assistant Attorney General (Marshall Coleman, Attorney General; Walter A. McFarlane, Deputy Attorney General; Edna D. Barber,* on brief), for appellant.

*Thomas A. Williams (Williams & Kilduff,* on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal in an eminent domain proceeding, we consider whether the trial court erred in (1) permitting the landowners' expert witness to testify respecting certain comparable sales, (2) permitting the expert to average the sale prices of the comparables in arriving at his valuation of the subject property, and (3) refusing to examine two of the commissioners regarding alleged misconduct.

In September, 1978, the Highway Commissioner acquired 3.57 acres of land in Northumberland County owned by James and Mabel Garland for the improvement of Route 360. Following a view of the property and the hearing of evidence, the commissioners reported the value of the land taken at $25,670 and the damage to the residue at $1,000. The Highway Commissioner's exceptions to the report were overruled by the trial court, and this appeal ensued.

The landowners called G.C. Dawson, a licensed real estate broker and appraiser, as an expert witness. He testified the highest and best use of the property was residential, and opined the property had a fair market value of $7,200 per acre. In making his appraisal, Dawson employed the market data or comparable sales approach.

Dawson used two sales in adjoining Richmond County which he felt were most comparable to the land taken. One sale, in March, 1977, was of .631 acre approximately one mile from the subject property. It was priced at $9,500 per acre. The other, in August of the same year, was of a 6.125 acre parcel, which was sold for $4,897.96 per acre. Both properties were located on Route 360.

■ The Highway Commissioner contends the trial court erred in permitting testimony respecting the sales because the properties were not located in Northumberland County.* However, we re-

---

* The Highway Commissioner also asserts the comparables were inadmissible because Dawson failed to make proper adjustments for dissimilarities between the subject property and the comparables, and both comparables were located on a portion of Route 360 that had been improved at the time of the sales. However, because these grounds were not advanced by the Highway Commissioner in his exceptions to the commissioners' report, they were waived, and will not be considered on appeal. *Highway Comm'r v. Fairmac Corp.*, 212 Va. 8-9, 181 S.E.2d 605 (1971); *Ellis v. Commissioner*, 206 Va. 194, 200-01, 142 S.E.2d 531, 536 (1965).

fuse to adopt a *per se* rule that comparable sales must be located in the same political subdivision as the property acquired.

■ "The question of the admissibility of prior sales of comparable property is one left largely to the discretion of the trial courts." *Edwards* v. *Highway Commissioner,* 205 Va. 734, 737, 139 S.E.2d 845, 848 (1965). In exercising its discretion, the trial court must determine "that the lands so sold were similar in locality and character to the land in question." *Id.* at 738, 139 S.E.2d at 848. In the present case, the comparables, although in a different county, were near the land taken. The trial court concluded they were sufficiently similar to the Garlands' land to be relevant evidence of the value of the take, and we cannot say the trial court abused its discretion.

■ Dawson arrived at his opinion of the value of the land taken by averaging the per-acre value of the two comparables. He testified this is a recognized appraisal method when the market data approach is employed. The Highway Commissioner contends the use of this averaging method was error. We do not agree.

Dawson qualified as an expert land appraiser. He testified the two sales he relied upon were similar to the subject property, and concluded the average of the sale prices represented a fair and reasonable value for the land taken. The commissioners, having heard Dawson's qualifications, the method he used to arrive at his valuation, and the facts he used in reaching it, were free to accord his testimony the weight to which they felt it was entitled. The trial court did not err in refusing to keep the testimony from the commissioners.

■ In one of his exceptions to the commissioners' report, the Highway Commissioner alleged that during the lunch recess of the hearing, "two of the Commissioners had lunch with the landowners giving the opportunity to have discussed the case and giving the appearance of possible improper conduct . . . ." He requested the trial court to recall and question the two commissioners. The court refused to do so, but did take evidence from James Garland, one of the landowners.

Garland admitted having lunch with three of the commissioners. He testified there was only one lunchroom in the village where the hearing took place, that it was crowded, and three tables had been pushed together to form a large table. Garland, his wife, and another couple were seated at the table when three of the commis-

sioners joined them because no other seats were available. Garland testified they did not discuss the case.

Code § 25-46.21 provides in pertinent part that:

> Upon hearing of exceptions to the commissioners' report the court shall not recall and question the commissioners as to the manner in which their report was determined unless there be an allegation in such written exceptions that fraud, collusion, corruption or improper conduct entered into the report. If such allegation is made the judge shall summon the commissioners to appear and he alone shall question them concerning their actions . . . .

The Commissioner argues that under this Code section, the court was required to recall and question the commissioners.

We have held that a mere allegation of improper conduct is not sufficient under the statute to require a recall of the commissioners. "[G]ood pleading requires that such an allegation be supported by facts which, if proved, would amount to misconduct in fact." *Virginia Elec. & Power Co.* v. *Shaffer,* 209 Va. 418, 421, 164 S.E.2d 590, 592 (1968).

The facts alleged in the present case do not amount to misconduct in fact. As the Highway Commissioner stated, they merely gave the "appearance of possible improper conduct." We cannot say under these circumstances that the trial court erred in refusing to question the commissioners.

Nothing in our decision should be construed as a relaxation of the ethical conduct expected of commissioners. On the contrary, we emphasize it is of paramount importance that commissioners avoid even the appearance of impropriety in order to assure public confidence in condemnation proceedings. *May* v. *Crockett,* 202 Va. 438, 440, 117 S.E.2d 648, 649-50 (1961); *New River &c. R. Co.* v. *Honaker,* 119 Va. 641, 654-55, 89 S.E. 960, 964 (1916). Trial courts are encouraged to take every precaution in this regard.

For the reasons stated, the judgment of the trial court will be affirmed.

*Affirmed.*