## CIRCUIT COURT OF STAFFORD COUNTY

Stafford Regional
Airport Commission

v.

Beulah Lawrence

April 16, 1996

Case No. (Law) 95000208

BY JUDGE JAMES W. HALEY, JR.

In this condemnation action, condemner by motion *in limine* seeks to prohibit the use by condemnee of five specific alleged comparable sales and an evaluation approach it deems developmental.

The condemned property is a twenty-eight acre parcel zoned A-1 (agricultural) on which sits a modest bungalow. The property fronts on a winding two-lane secondary road. Public water is available off-site. Public sewer is not.

All of the five proffered comparables are zoned either M-2 (heavy industrial), M-1 (light industrial), or B-2 (urban commercial). Four of the parcels range in size from 2.00 acres to 6.80 acres. One parcel is a site within a finished industrial park. One parcel sits on U.S. Route 17, a four lane divided highway, on a corner to Commerce Parkway. One parcel is within the southwest quadrant of the Interstate 95/Route 610 intersection. The largest parcel, 19.21 acres, fronts on Mine Road just west of Interstate 95. This parcel is being developed to accommodate at 131,000 square foot retail store and related pad sites. All parcels have both public water and sewer available.

The court finds as a matter of law that the five proposed sales are not "sales made under comparable conditions in point of time and circum-

stances" to the property subject to condemnation. *May v. Dewey,* 201 Va. 621, 633, 112 S.E.2d 838, 851 (1960). See also *Seaboard Air Line Ry. v. Chamblin,* 108 Va. 42, 60 S.E. 727 (1908). Comparables must be "similar in locality and character to the land in question." *Edwards v. Highway Commissioner,* 205 Va. 734, 738, 139 S.E.2d 845, 848 (1965).

The proposed comparables are remote in location, disparate in size, different in zoning classification, furnished with water and sewer, located upon greatly differing public access, and untimely as to use. No plans, applications or proposals for expanded use of the subject property existed at the time of the take. A use of the subject property similar to the proposed comparables may not "be reasonably expected in the immediate future." *Pruner v. State Highway Commissioner,* 173 Va. 307, 310, 4 S.E.2d 393, 394 (1939). Such industrial and commercial uses, and resultant value, would be speculative.

A determination of the admissibility of prior sales of parcels allegedly comparable is one granted to the discretion of the trial court and will only be reversed upon abuse of that discretion. *State Highway Commissioner v. Garland,* 223 Va. 701, 292 S.E.2d 355 (1982).

Accordingly, the motion *in limine* as to the five proffered comparables is granted.

In the motion *in limine,* condemner characterized landowner's expert's valuation as a "development cost" method. Succinctly stated, such a method, as applied to undeveloped land, attempts to assign value by calculating the costs of development of a parcel and projected sales post-development, the difference being income then capitalized to establish value. Such a method is impermissible, primarily because of its speculative nature. *Fruit Grower's v. Alexandria,* 216 Va. 602, 607-608, 221 S.E.2d 157, 161 (1964).[1] See also, *Appalachian Power v. Anderson,* 212 Va. 705, 711, 187 S.E.2d 148, 155 (1972).

However, in *Pruner, supra,* 173 Va. at 310, 4 S.E.2d at 394 (1939), the court permitted the commissioners to consider "the land from the standpoint of subdivision as well as farm uses." In *Lynch v. Commonwealth Transportation Commissioner,* 247 Va. 388, 391-394, 442 S.E.2d 388, 390-391 (1994), the court held that a *pre-take* Amendment to the Comprehensive Plan and a Generalized Development Plan submitted with a re-

---

[1] Though the issue in *Fruit Growers* involved establishment of value for tax purposes, the court cited 4 Nichols, *The Law of Eminent Domain* for the principle enunciated.

zoning application for industrial use were admissible in determining the value of a then undeveloped parcel.

As noted above, no plans for development or re-zoning were prepared for the condemnee's property prior to the date of the take.

In *Appalachian Power Co. v. Gorman,* 191 Va. 344, 61 S.E.2d 33 (1950), landowners had prepared a *pre-take* but unrecorded plat of development of agriculture land into a subdivision. The court held that plan admissible in determining the damages to the property caused by the power company's take of a permanent easement for construction of a power line because "a considerable portion of the land . . . was available for sale as building lots, and . . . it had a market value as such at the time of the entry." *Appalachian, supra,* 191 Va. at 355, 61 S.E.2d at 38. But the court further noted that "future and speculative value as a lot proposition could not be considered . . ." and that:

> It is true that the damages should not be added up lot by lot; for instance, by awarding so much for this one and so much for that. The damage should be considered from the standpoint of injury to the value of the property as a whole, taking into consideration the element affecting the adaptability for development as a subdivision.

*Appalachian, supra,* 191 Va. at 356, 61 S.E.2d at 39.

In light of the foregoing, the court sustains the motion *in limine* to the extent condemnee may not use a "developmental approach" to evaluation, as that term is defined by the court above. However, it is the court's view that condemnee may present evidence, upon a proper foundation, of the potential development of the parcel for subdivision purposes, as permitted under its existing zoning, as a non-speculative measure of the fair market value of the parcel *as a whole.*