JAMES LEO BROWN

v.

CORRINE ANN BROWN

No. 1582-89-1

Decided October 30, 1990

COUNSEL

R. L. Shrecengost, for appellant.

Jimese Pendergraft (Kenneth B. Murov; Jones, Blechman, Woltz & Kelly, on brief), for appellee.

OPINION

**BENTON, J.**—James Leo Brown seeks reversal of a final decree of divorce awarded to his wife, Corrine Brown. He contends: (1) there was insufficient corroborative evidence to prove the parties intended to end the marriage; (2) the trial judge improperly

awarded the wife a lump sum award for "financial disparities and hardships" under Code § 20-107.1; and (3) the trial judge should have set aside the commissioner in chancery's report because the wife's legal counsel contributed money to the commissioner's political campaign. We need only address the third issue because we conclude that the trial judge erred in failing to set aside the commissioner's report.

After pleadings had been filed, the commissioner heard evidence on November 11, 1986, pursuant to a decree of reference. The commissioner filed a report on May 12, 1988, recommending that the trial judge award the wife $5000 in a lump sum for "financial . . . hardship," $375 per month for spousal support, and $1000 for attorney's fees.

In a motion to set aside the commissioner's report because of improprieties, the husband alleged that the wife's legal counsel contributed $400 to the commissioner during the commissioner's political campaign for election to Virginia's General Assembly. The motion stated that the contribution was made after the commissioner heard the evidence but before the commissioner issued the report. In response, the wife stated that the contribution did not influence the commissioner's findings of fact and recommendations. At the hearing on the motion to set aside the commissioner's report, the husband produced an "excerpt from an official state election board document" showing that the law firm in which the wife's legal counsel was a partner contributed $400 to the commissioner's political campaign eight months before the report was filed. The trial judge found "that there was no evidence that the decision of the commissioner in chancery was in any way influenced by the campaign contribution in question."

The trial court applied the wrong standard in considering the motion to set aside. The significant role of the commissioner in chancery in Virginia's judicial process has long been recognized.

"That the office of commissioner in chancery is one of the most important known in the administration of justice will be universally conceded. [The commissioner's] duties are of a grave and responsible nature; [the commissioner] is the assistant to the chancellor. There is no question of law or equity, or of disputed fact, which [the commissioner] may not have

to decide, or respecting which [the commissioner] may not be called upon to report [an] opinion to the court."

*Raiford v. Raiford*, 193 Va. 221, 226, 68 S.E.2d 888, 892 (1952) (quoting *Bowers' Adm'r v. Bowers*, 70 Va. (29 Gratt.) 697, 700 (1878)). Commissioners "have been aptly termed the 'arms of the court.'" *Shipman v. Fletcher*, 91 Va. 473, 476, 22 S.E. 458, 460 (1895). Even though a commissioner's work is reviewable by the court, it is settled Virginia law that "[a] commissioner is a *quasi* judicial officer." *Mountain Lake Land Co. v. Blair*, 109 Va. 147, 159, 63 S.E. 751, 755 (1909). As a *quasi* judicial officer, *"[a commissioner's] work should be free from all suspicion of being improperly influenced* or interfered with by any party to the suit, or by the agent of any such party." *Id.* (emphasis added); *cf. May v. Crockett*, 202 Va. 438, 440, 117 S.E.2d 648, 649-50 (1961) (highway commissioner's report not free from suspicion of improper influence where commissioner had an indirect interest in the outcome of the proceeding); *New River, Holston & W. R.R. v. Honaker*, 119 Va. 641, 654-55, 89 S.E. 960, 964 (1916) (report of highway commissioners who were given lodging, food, and liquor by one of the parties was not free from suspicion of influence, "whether such influence was sought to be exercised or not, or in fact existed").

■ The husband alleged and proved that a substantial monetary contribution was made to the commissioner's political campaign by the wife's counsel at a time when this matter was pending before the commissioner for findings and recommendations. No disclosure was made to the husband. The alleged conduct involves more than the mere "appearance of *possible* improper conduct" or unsubstantiated allegations of misconduct. *State Highway & Transp. Comm'r v. Garland*, 223 Va. 701, 705, 292 S.E.2d 355, 357 (1982) (emphasis added). The husband's evidence establishes a strong suspicion of improper influence that has the effect of undermining public confidence in the proceeding. *Id.* at 705, 292 S.E.2d at 357. In the conduct of judicial proceedings, officials must be mindful that "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954).

In refusing to set aside the report, the trial judge stated:

[t]hat a single political contribution by an attorney to the campaign of a General Assembly candidate is not, standing

alone, sufficient reason to disqualify a Commissioner in Chancery. A review of the cases outlined in 65 ALR 4th 73 et seq indicates that disqualification is only necessary if there is additional evidence, other than a contribution, indicating a connection between the candidate and the opposing counsel. In order for the candidate to be disqualified, there must exist between the opposing counsel and candidate a specific and substantial political relationship.

We reject as unpersuasive the analogy drawn to cases involving contributions made to judges in systems in which judges are popularly elected. Our own judicial system is not one which requires candidates for the bench to stand for election. Thus, we are not required to balance the influential aspects of contributions against the practicalities of conducting an election and then administering a judicial system following a judicial election campaign. *Compare Rocha v. Ahmad*, 662 S.W.2d 77, 78 (Tex. Ct. App. 1983) (recognizing the unfortunate "necessity" that elected judges must seek monetary support for "what is, in reality, a political campaign," but holding that judges are not required to recuse themselves from considering a case in which one party's attorney previously made large campaign contributions to the judges); *with Caleffe v. Vitale*, 488 So. 2d 627, 629 (Fla. Dist. Ct. App. 1986) (recognizing that "perceptions of professional legal ethics in the conflict of interest realm have undergone much evolution" and holding that an appearance of a special relationship existed between one party's attorney and the trial judge where the attorney's wife was managing the judge's re-election campaign). The evidence in this case established that the commissioner, while running for a nonjudicial political office, actually received a monetary campaign contribution from an attorney who had a matter then pending before the commissioner.

■ The wife presented no evidence to the trial judge which supports the trial judge's finding that the commissioner issued the report free of influence from the campaign contribution. The only evidence before the trial judge, as reflected in this record, was the excerpt from the commissioner's campaign contribution itemization sheet. That evidence alone is prima facie evidence of improper influence. The wife presented no evidence to rebut the appearance of improper influence. On the evidence in this record,

the trial judge erred in finding a lack of evidence to sustain the motion to set aside.

Nonetheless, the wife argues that the judgment should be affirmed because a commissioner's report is of little consequence since a commissioner has no power to render final orders. We disagree with that argument. The commissioner's report is deemed to be prima facie correct. *Dodge v. Dodge*, 2 Va. App. 238, 241, 343 S.E.2d 363, 364 (1986). The commissioner has the authority to resolve conflicts in the evidence and to make factual findings. *Trotman v. Trotman*, 148 Va. 860, 867, 139 S.E. 490, 494 (1927). When the commissioner's findings are based upon *ore tenus* evidence, "due regard [must be given] to the commissioner's ability . . . to see, hear and evaluate the witness at first hand." *Hill v. Hill*, 227 Va. 569, 577, 318 S.E.2d 292, 297 (1984). Because of the presumption of correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence. *Morris v. United Va. Bank*, 237 Va. 331, 337-38, 377 S.E.2d 611, 614-15 (1989). Thus, although the commissioner's report is subject to the trial judge's review, the status of the commissioner's report is not so minimal as to be of no consequence to the decision-making process. *See id.*

Finally we conclude that the trial judge's review of the commissioner's report was insufficient to remove the taint caused by the suspicion of improper influence. The trial judge's final decree simply recites the commissioner's recommendations and confirms the report "in all respects."

For these reasons, the motion to set aside the commissioner's report should have been granted. Accordingly, we reverse the final decree and we remand this matter for a new trial.

*Reversed and remanded.*

Moon, J., concurred.

Baker, J., dissenting

I respectfully disagree with the majority's holding that the trial court erred in not setting aside the commissioner's report. The record discloses that both husband and wife fully presented evidence in support of their respective positions concerning the di-

vorce case. If remanded, it would not be for the purpose of granting an opportunity to present new evidence but rather only for the purpose of review and judgment. There is no claim that the trial court failed to completely review the evidence presented by the parties or that it did not render its decision in accord with well-established principle:

When a cause is referred to a commissioner in chancery the chancellor does not delegate his judicial function to him. The commissioner is appointed for the purpose of assisting the chancellor and not for the purpose of supplanting or replacing him. It is the duty of the chancellor to weigh the evidence according to correct principles of law and arrive at his own conclusions.

*Higgins v. Higgins*, 205 Va. 324, 328-29, 136 S.E.2d 793, 796 (1964). Appellant has not shown that the trial court failed to weigh the evidence according to correct principles of law.

The appellant has the burden to show on appeal that the judgment based on the evidence given before the commissioner was erroneous. In my opinion, the evidence was sufficient to support the trial court's findings which, on appeal, are presumed correct. *Adelman Associates v. Goldsten*, 209 Va. 731, 738, 167 S.E.2d 104, 109 (1969).

On the evidence in this record, I would affirm the trial court's judgment.