COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


ANTHONETTE SHELDINE TRAINO PELLEGRINO

v.   Record No. 1923-95-1                     MEMORANDUM OPINION[*]
                                                  PER CURIAM
JOSEPH S. PELLEGRINO                           MARCH 12, 1996


                                      FROM THE CIRCUIT COURT OF
THE CITY OF VIRGINIA BEACH
                 Thomas S. Shadrick, Judge

          (Irene Sutton; Charles R. Hofheimer, P.C.,
          on brief), for appellant.

          (Paul M. Lipkin; Goldblatt, Lipkin & Cohen,
          P.C., on brief), for appellee.


     Anthonette Sheldine Traino Pellegrino appeals the equitable

distribution decision of the circuit court.  She argues that the

trial judge abused his discretion in distributing the equity in

the marital home, in crediting the testimony of her husband,

Joseph S. Pellegrino, concerning a withdrawal from husband's

savings account, and in awarding costs and attorney's fees.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the trial judge's decision.  Rule 5A:27.

     Evidence was received ore tenus by the commissioner in

chancery.  The trial judge's acceptance of the commissioner's

report must be reviewed upon the principle that "due regard [must

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

be given] to the commissioner's ability . . . to see, hear and evaluate the witness at first hand." Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 297 (1984). "The commissioner's report is deemed to be prima facie correct." Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990). In addition, on our review of the trial judge's decision, "[t]he decree confirming the commissioner's report is presumed to be correct and will not be disturbed if it is reasonably supported by substantial, competent, and credible evidence." Brawand v. Brawand, 1 Va. App. 305, 308, 338 S.E.2d 651, 652 (1985).

### Equitable Distribution Award

Both parties presented to the commissioner proposals for the distribution of the equity in the marital home. Both proposals recognized that husband contributed $18,544.68 toward the total purchase price of $88,919.50. Both parties agreed that the home's current value was $168,000.00 and the equity portion of that value was $118,961.47.

Under the provisions of Code § 20-107.3, the trial judge is required to determine the title and value of the parties' property, including retraceable separate property. Code § 20-107.3(A)(3)(d). Both parties presented a method by which the commissioner could determine the portions of the value of the residence attributable to the contribution of separate property. The commissioner selected the husband's calculation for determining the portion of the residence deemed marital property

and the portion retraceable as separate property. We find no error. The commissioner's chosen method of distributing the equity in the marital home was supported by the evidence and complied with the statutory requirements.

Wife asserts that the equitable distribution award demonstrates that the trial court failed to consider wife's greater nonmonetary contributions and husband's negative contributions. We disagree.

> "[T]he chancellor is necessarily vested with broad discretion in the discharge of the duties the statute [Code § 20-107.3] imposes upon him. Unless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal."

Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987) (citation omitted). The commissioner heard the evidence ore tenus and made the equitable distribution pursuant to consideration of the provisions of Code § 20-107.3. The trial judge reviewed the report and noted that the commissioner's findings were supported by the facts and were not incorrect as a matter of law. We cannot say that the record demonstrates an abuse of discretion on the part of the trial judge or a failure to consider the statute or the evidence.

## The Savings Account

The commissioner heard the testimony of the parties and

believed husband's testimony that he gave wife the $9,500 which he withdrew from his savings account. Wife denied ever receiving the funds. The trial judge deferred to the credibility determination made by the commissioner. See Brown, 11 Va. App. at 236, 397 S.E.2d at 548. The record contains no documentary evidence to refute the finding. We cannot say that the finding was unsupported by credible evidence or that the trial judge erred in awarding the wife 35% of the balance remaining in the account.

### Attorney's Fees and Costs

Awards of costs and attorney's fees are matters submitted to the sound discretion of the trial judge and are reviewable on appeal only for an abuse of discretion. Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of costs or counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The commissioner ordered husband to pay all costs and $1,500 in wife's attorney's fees following the first hearing. Wife incurred approximately $3,000 in additional attorney's fees during the year between the first and second commissioner's hearings. At the time of the second hearing, husband's income had dropped to $1,111, while wife earned $1,522. Based on the number of issues involved and the respective abilities of the parties to pay, we cannot say that the attorney's fees award of

4

$300 and the sharing of costs was unreasonable or an abuse of discretion.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.