COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


STEPHEN M. SMITH
                                    MEMORANDUM OPINION[*]
v.         Record No. 2801-95-3         PER CURIAM
                                      JULY 16, 1996
JUDY CHAFFIN SMITH


              FROM THE CIRCUIT COURT OF PULASKI COUNTY
                       Colin R. Gibb, Judge

              (Debra Fitzgerald-O'Connell; Gilmer, Sadler,
              Ingram, Sutherland & Hutton, on brief), for
              appellant.

              (Edwin C. Stone; Clifford L. Harrison; Stone,
              Harrison, Turk & Showalter, on brief), for
              appellee.


     Stephen M. Smith (husband) appeals the decision of the

circuit court awarding spousal support to Judy Chaffin Smith

(wife) and deciding other issues.  Husband raises the following

issues on appeal:  (1) whether the trial court erred in ordering

husband to pay $5,000 as part of the equitable distribution of

the parties' marital personal property; (2) whether the trial

court erred in awarding wife the maximum share of all real and

intangible personal property; (3) whether the trial court erred

in awarding wife spousal support; and (4) whether the trial court

erred in awarding wife $1,000 in attorney's fees.

     Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

summarily affirm the decision of the trial court.  Rule 5A:27.

### Equitable Distribution Monetary Award

The evidence was heard by the commissioner in chancery, whose report was accepted by the trial court.

> The commissioner's report is deemed to be prima facie correct.  The commissioner has the authority to resolve conflicts in the evidence and to make factual findings.  When the commissioner's findings are based upon ore tenus evidence, "due regard [must be given] to the commissioner's ability . . . to see, hear and evaluate the witness at first hand."  Because of the presumption of correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence.

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citations omitted).  "This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence, but is not applicable to pure conclusions of law contained in the report."  Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 296 (1984) (citation omitted).  This Court must affirm the trial court's decision unless it is plainly wrong or without evidence to support it.  McLaughlin v. McLaughlin, 2 Va. App. 463, 466-67, 346 S.E.2d 535, 536 (1986).

The commissioner considered the statutory factors before recommending the equitable distribution scheme ultimately accepted by the trial court.  Code § 20-107.3(E).  Both parties contributed to the acquisition and maintenance of the marital home and other marital assets, although husband provided most of the financial contributions.  The marital assets of husband's

2

pension, 401K, and thrift plans were acquired through husband's employment. Wife worked part-time throughout most of the marriage, but she did not have substantial earnings or accrue extensive retirement benefits. Husband retained the marital home and most of the furnishings, although wife removed some furnishings when she left the home.

Husband retained two vehicles worth approximately $12,000, plus furnishings worth $4,000. While husband asserts that the value of a piano and the furniture in his daughters' rooms should not be assessed against him, there was evidence that these items were marital assets which remained in his possession in the marital home. Wife retained a vehicle and furnishings worth approximately $5,000. Therefore, as there was evidence to support the commissioner's recommended monetary award to wife of $5,000, we cannot say the trial court's decision to accept that recommendation was plainly wrong or unsupported by the evidence.

### Award of Fifty Percent Interest

The commissioner recommended that wife receive fifty percent of the marital share of husband's pension and retirement accounts. This award conformed with the statutory requirements. See Code § 20-107.3(G). The statute contains no comparable limitation on an award of other marital assets. While "Virginia's statutory scheme of equitable distribution does not have a presumption favoring an equal distribution of assets," Alphin v. Alphin, 15 Va. App. 395, 404, 424 S.E.2d 572, 577

3

(1992), we cannot say the award of a fifty percent interest in other marital assets, including the marital home, was an abuse of discretion or unsupported by the evidence.

## Spousal Support

Code § 20-107.1 provides that, upon entry of a decree of divorce, "the court may make such further decree as it shall deem expedient concerning the maintenance and support of the spouses." While the statute provides that "no permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce under the provisions of subdivision (1) of § 20-91," the court may nonetheless award support to a spouse guilty of adultery "if the court determines from clear and convincing evidence, that a denial of support and maintenance would constitute a manifest injustice . . . ."

Husband was awarded a divorce on the grounds of wife's desertion. His assertion of adultery as a ground was found to be unsupported by the evidence. Therefore, Code § 20-107.1 did not preclude an award of support to wife. The trial court found that wife was entitled to $200 per month in spousal support. In awarding spousal support, the trial court noted that it had reviewed the statutory factors, "particularly the earning capacities of the parties, the duration of the marriage, and the contributions made by the parties to the well-being of the family during the marriage."

Both parties contributed to the marriage, with wife making

4

the majority of the non-financial contributions and husband making the majority of the financial contributions. Husband earned $4,036 per month, compared to wife's monthly income of $1,624. Husband retained the marital home. The parties had a twenty-six year marriage which they each described as good until serious problems erupted in 1992.

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties. He is guided by the nine factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986). The trial court considered the statutory factors, and we cannot say that the court abused its discretion in making its determination.

### Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Husband had substantially greater income. The commissioner found that the evidence did not support husband's allegations of adultery. Based on the number of issues involved and the

5

respective abilities of the parties to pay, we cannot say that the award was unreasonable or that the trial court abused its discretion in making the award.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>