COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


STEPHEN CARL IRICK

                                        MEMORANDUM OPINION[*]
v.    Record No. 0156-96-1                PER CURIAM
                                          JULY 15, 1997
JOAN GOODSON IRICK


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Christopher W. Hutton, Judge

              (John E. Robins, Jr., on brief), for
              appellant.

              (Anthony S. Mulford; Davis & Brynteson, on
              brief), for appellee.


        Stephen Carl Irick (husband) appeals the equitable

distribution decision of the circuit court.  Husband contends

that the trial court erred by accepting the recommendation of the

commissioner in chancery to award Joan Goodson Irick (wife) the

parties' jointly owned securities and $5,000.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

the trial court.  Rule 5A:27.

        The evidence was heard by the commissioner in chancery.  A

hearing was held on the parties' exceptions to the commissioner's

report, but the record on appeal contains neither a transcript

nor written order memorializing that hearing.  A final decree

approving the commissioner's report, as modified pursuant to the

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

hearing on the parties' exceptions, was entered on December 18, 1995.

> The commissioner's report is deemed to be prima facie correct. The commissioner has the authority to resolve conflicts in the evidence and to make factual findings. When the commissioner's findings are based upon ore tenus evidence, "due regard [must be given] to the commissioner's ability . . . to see, hear and evaluate the witness at first hand." Because of the presumption of correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence.

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citations omitted). This Court must affirm the trial court's decision unless it is plainly wrong or without evidence to support it. See McLaughlin v. McLaughlin, 2 Va. App. 463, 466-67, 346 S.E.2d 535, 536 (1986).

The commissioner considered the statutory factors and the evidence before making his recommendations. He noted that both parties contributed monetarily to the welfare of the family, although husband was the primary wage earner. All assets owned by the parties at the time of the hearing were marital assets. There was evidence that the marital residence needed $18,000 in repairs, and that, while husband had maintained the house, "his repairs were slipshod and incomplete." Wife testified that the only source of heat for the house was a small space heater in the wall and there was no heat in the dining room or living room. There was evidence that husband used the proceeds from the sale

2

of the parties' securities to pay off car loans and other marital debts, as well as to provide himself with living expenses during the post-separation period.

Husband was awarded two vehicles valued at approximately $4,600, while wife was awarded one vehicle worth $3,000. The parties each retained a one-half interest in the marital residence, and wife received one-half of the marital share of husband's retirement. Wife received the tangible personal property in the home, valued at $3,250, and the parties' securities, with an approximate value of $7,490. Husband also was ordered to pay wife $5,000 within six months.

While wife received somewhat more than half the value of the parties' personal and intangible property, that fact is not in itself a sufficient ground to reverse an equitable distribution award. "Virginia's statutory scheme of equitable distribution does not have a presumption favoring an equal distribution of assets." Alphin v. Alphin, 15 Va. App. 395, 404, 424 S.E.2d 572, 577 (1992). Based on the record before us, we cannot say that the trial court's award was plainly wrong or without evidence to support it.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.