COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


DENNIS GLEN GRAY BULLINS

                                        MEMORANDUM OPINION*
v.   Record No. 2303-97-3                 PER CURIAM
                                          JUNE 2, 1998
DREAMA DAWN WITT BULLINS


           FROM THE CIRCUIT COURT OF CARROLL COUNTY
                    Duane E. Mink, Judge

           (James T. Ward, on briefs), for appellant.

           (Cheryl Watson Smith; G. Marshall Mundy;
           Mundy, Rogers & Frith, on brief), for
           appellee.



     Dennis Glen Gray Bullins appeals the decision setting the

amount of spousal support paid to his wife, Dreama Dawn Witt

Bullins.  He contends that the trial judge erred by awarding wife

more support than she sought.  In a cross appeal, the wife

contends that the trial judge erred by failing to award her

attorney's fees.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 See Rule 5A:27.

     A commissioner in chancery heard the evidence and

recommended $1,000 per month spousal support.  The trial judge

ordered the recommended amount.  On appeal, we apply the

following standards:

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> The commissioner's report is deemed to be prima facie correct. The commissioner has the authority to resolve conflicts in the evidence and to make factual findings. When the commissioner's findings are based upon ore tenus evidence, "due regard [must be given] to the commissioner's ability . . . to see, hear and evaluate the witness at first hand." Because of the presumption of correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence.

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citations omitted).

The wife's evidence proved that her monthly expenses totaled approximately $2,300, which included an estimated cost for replacing her ten-year-old car. At the commissioner's hearing, the wife testified that she ceased contributing ten percent of her salary to her 401(k) retirement plan because she could not afford to do so. She noted that she would incur additional costs for real estate taxes and insurance which she was not currently paying. She also testified that she could only afford to replace her vehicle "if [she] was tight with money" and "just cut down on some other things."

The commissioner found wife's listed expenses to be reasonable. Although the commissioner noted that the wife had expressed her thought that $750 would be sufficient spousal support, the commissioner determined that wife's gross monthly earnings were $1,264. Based on these considerations and the statutory criteria, the commissioner ruled that a spousal support

award of $1,000 was appropriate.

The evidence supports the trial judge's adoption of the commissioner's recommendations.

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties. He is guided by the nine factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986). The evidence clearly proved that wife's monthly earnings fell approximately $1,000 short of her monthly expenses. Because the commissioner's award was based upon the statutory factors and was supported by the evidence, we find no error.

### Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial judge and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). The record indicates that the wife listed attorney's fees among her monthly expenses. In addition, the trial judge noted that wife used $12,000 from the parties' joint checking account to pay her expenses, which included legal fees. Under the circumstances, we cannot say that the trial judge abused his discretion in refusing to award attorney's fees

-3-

to wife.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.