COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Frank


BARBARA FAYE COX

v.   Record No. 2576-98-1

WILLIAM COX

                                        MEMORANDUM OPINION*
AND                                          PER CURIAM
                                           JUNE 8, 1999
WILLIAM COX

v.   Record No. 2589-98-1

BARBARA FAYE COX


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  H. Thomas Padrick, Jr., Judge

            (Mark S. Smith; Christie & Kantor, P.L.C., on
            briefs), for Barbara Faye Cox.

            (Steven C. Frucci; Brydges, Mahan, O'Brien &
            Frucci, P.C., on briefs), for William Cox.


     William Cox (husband) appeals the decision of the circuit

court awarding Barbara Faye Cox (wife) spousal support and

attorney's fees and distributing the parties' marital assets.

Husband contends that the trial court erred by (1) failing to

consider wife's ability to work, her income from his retirement

benefits, and his actual income when setting the amount of spousal

support; (2) awarding wife attorney's fees and costs; and (3)

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

valuing the marital oil business.  Wife also appeals the decision

of the circuit court, contending that the court erred by failing

to award her greater monthly spousal support than recommended by

the commissioner in chancery.  Upon reviewing the record and

briefs of the parties, we conclude that these appeals are without

merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

### Standard of Review

The evidence was heard by the commissioner in chancery, whose

report was sustained by the trial court.

> [T]he commissioner's report is deemed to be
> prima facie correct.  The commissioner has
> the authority to resolve conflicts in the
> evidence and to make factual findings.  When
> the commissioner's findings are based upon
> ore tenus evidence, "due regard [must be
> given] to the commissioner's ability . . .
> to see, hear and evaluate the witness at
> first hand."  Because of the presumption of
> correctness, the trial judge ordinarily must
> sustain the commissioner's report unless the
> trial judge concludes that it is not
> supported by the evidence.

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990)

(citations omitted).

### Spousal Support

Both parties contend that the trial court erred when it

denied their exceptions to the commissioner's recommendation that

wife receive $1,000 in monthly spousal support.

> In awarding spousal support, the
> chancellor must consider the relative needs

and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).  Husband argues that the trial court failed to consider wife's ability to work.  However, husband presented no evidence of any employment opportunities for which wife was qualified but failed to apply.  In fact, husband testified that wife could not take oil orders properly when she worked for the parties' fuel oil business shortly before the final separation.  Husband also described several incidents where wife was hospitalized due to her bi-polar disease, and admitted that from October to January each year she went through a manic phase.  While husband opined that wife could work in cosmetology, computers, or telephone solicitation, wife testified that she was not licensed for cosmetology and had not done secretarial or computer work since 1986.  She also testified that she was feeling better, but was unsure if she could handle stress caused by working, although she admitted that her doctor asked her if she was ready to find work.  Wife qualified for Social Security disability due to her illness, for which she received $566 monthly.  Substantial evidence in the record supports wife's contention that, at the time of the

hearing, she was not able to work. Husband presented nothing beyond speculation to support his claims to the contrary.

Husband also challenged wife's contention that husband received approximately $1,000 in unreported income from AAA Fuel Oil Business. Wife testified that husband withdrew that amount, based upon her knowledge of husband's previous practice, an assertion denied by husband. Such additional income was reported by the commissioner and implicitly considered by the commissioner and the court in a determination of spousal support payable by husband to wife. Notwithstanding husband's denial of the alleged unreported income, wife's testimony, together with her familiarity with husband's financial affairs, provides sufficient support in the record for both consideration of the monies and related award of spousal support.

Husband also contends that the trial court failed to include in wife's monthly income her share of husband's monthly retirement benefit. The commissioner's report indicated that he "considered all the statutory factors and the circumstances of this case, including the monetary award herein recommended" when recommending the spousal support award. As set out in the report, the calculations of the recommended monetary award followed almost immediately after the commissioner's determination that wife's 8.75% share of husband's retirement "will produce gross income to the wife of approximately $153.00 per month." Husband has not

- 4 -

demonstrated that the trial court failed to consider this portion of the commissioner's report when accepting the recommended spousal support award.

In her appeal, wife argues that the evidence demonstrated that her need for spousal support exceeded the amount awarded. She noted in particular that the loss of CHAMPUS coverage upon divorce left her with monthly uninsured medical expenses, including $500 in monthly prescription costs.

The record demonstrates that the trial court considered the evidence, the statutory factors, and the parties' exceptions to the commissioner's report. We find no error in the trial court's decision to accept the commissioner's recommendation to award wife $1,000 in monthly spousal support.

### Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Wife was unemployed, with substantially less monthly income than husband, and with serious health concerns. Husband continued to have the greater earning and employment capacity. Based on the respective abilities of the parties to pay, we cannot

say that the award was unreasonable or that the trial judge abused his discretion in making the award.

## Valuation of Oil Business

Finally, husband contends that the trial court erred by accepting the value placed on the marital oil business by wife's expert. Husband valued the business at $10,000. Wife's expert valued the business at $52,000. The expert testified at the commissioner's hearing, subject to husband's cross-examination. In his testimony, the expert noted that he discounted the gross value he initially reached by forty percent, and also used a more conservative thirty percent profit margin. The expert also noted that he did not include any value for equipment, as the oil business operated with a single, older truck.

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997). The commissioner was entitled to accept the testimony of wife's expert as to the value of the ongoing oil business. Because the value assigned to the business was supported by credible evidence, we find no error.

It was uncontested that the oil business was marital property and that both husband and wife helped start the business. While Virginia law has no presumption favoring an

equal division of marital property, we cannot say that the trial court abused its discretion by awarding each party one-half the value of the oil business.  See Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986).

Wife's motions for attorney's fees and costs incurred on these appeals are denied.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.