COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Coleman
Argued at Richmond, Virginia


CHARLES MICHAEL VELIKY

                                  MEMORANDUM OPINION[*] BY
v.    Record No. 1871-01-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       MARCH 12, 2002
SARA T. VELIKY


              FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                         James A. Luke, Judge

             Thomas O. Bondurant, Jr., for appellant.

             H. Benjamin Vincent (Vincent Law Firm, P.C.,
             on brief), for appellee.


     Charles Michael Veliky (husband) appeals a March 19, 2001

final decree granting Sara T. Veliky (wife) a divorce a vinculo

matrimonii on the ground that the parties had lived separate and

apart for more than one year.  He contends that the trial court

erred in (1) allowing wife and a witness to invoke the privilege

against self-incrimination and in awarding her spousal support,

(2) finding that an apartment complex, purchased prior to

marriage by husband and his mother, was marital property, and

(3) ruling that a tour business was marital property, where the

tour business was a partnership and therefore not "marital

---

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

property."  Because we find the issues were not properly preserved, we affirm.

## I.  PROCEDURAL HISTORY

The evidence established that on June 23, 1997, wife served husband with a bill of complaint seeking a divorce a vinculo matrimonii on the ground that they had lived separate and apart for more than one year.  Husband filed an answer and cross bill of complaint on the ground of adultery.

By decree dated March 16, 1998, the case was referred to Chancellor Thomas H. Rose, Jr. (the commissioner) to determine, inter alia:  the cause of the separation of the parties, the marital property of the parties and the value thereof, the separate property of the parties, to whom the divorce should be granted and for what reason, an award of spousal support, if any, and how the marital property of the parties should be equitably distributed.

The commissioner took evidence on the assigned issues on July 29, 1998 and September 11, 1998.  In response to questions about an alleged sexual relationship, wife and Jeff Stephenson, a witness, invoked their Fifth Amendment self-incrimination privilege.  Husband objected, and the commissioner overruled his objection.  After the conclusion of the evidentiary hearings before the commissioner, husband requested the trial court to

compel the answers.[1]  By letter dated January 14, 1999, the trial court upheld the commissioner's ruling.  No specific objection to this letter ruling is reflected in the record.

On November 30, 1999, the commissioner filed his report. Husband filed eleven "exceptions" with his objections to each being only that the findings were "contrary to the law and the evidence."  There was no specific objection to either the commissioner's or the court's ruling on wife's and Stephenson's invocation of their Fifth Amendment rights.  Further, the transcript reflects no specific objection to wife's interest in the apartment complex.

Husband requested the trial court to rule on only "three areas of disagreement" with the commissioner's report.[2] "Inquiry 10" concerned the role of fault and the award of $400 a month spousal support to wife; "Inquiry 12" concerned husband's claim that an apartment house was his separate property; and "Inquiry 5" concerned the valuation of "store inventory."  No other exceptions were presented or argued to the trial court. By letter dated September 26, 2000, the trial court ruled on the three issues presented.  In his brief for appeal, appellant

---

[1] The record does not reflect how the request was made, whether the trial court heard argument on the issue or whether it was submitted only on the argument made to the commissioner.

[2] We note that the record does not reflect how this request was made; however, the trial judge ruled on three designated areas.

- 3 -

states that the issues he raises on appeal were preserved at appendix page 173. However, this page reflects a blanket objection to the final decree of divorce, stating only that it is "seen and objected to for the reasons stated in the record, in the briefs and the pleadings."

## II. STANDARD OF REVIEW

"On appellate review, a divorce decree is presumed correct and will not be overturned if supported by substantial, competent, and credible evidence." Gottlieb v. Gottlieb, 19 Va. App. 77, 83, 448 S.E.2d 666, 670 (1994). "A commissioner's findings of fact which have been accepted by the trial court are presumed to be correct when reviewed on appeal and are to be given great weight by this Court. The findings will not be reversed on appeal unless plainly wrong." Barker v. Barker, 27 Va. App. 519, 531, 500 S.E.2d 240, 245-46 (1998) (internal citations omitted). "Because of the presumption of correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence." Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citing Morris v. United Virginia Bank, 237 Va. 331, 337-38, 377 S.E.2d 611, 614-15 (1989)).

As a preliminary matter, husband concedes that his third issue on appeal, that the tour business was a partnership and therefore not marital property, was not presented to the trial judge as one of his three specified exceptions. We hold that

- 4 -

any exceptions to the commissioner's report which were not presented to the trial court for ruling are waived.  Thus, our consideration of this issue is barred.  The record does not reflect any reason to invoke the good cause or ends of justice exceptions.  See Rule 5A:18.

### III.  FIFTH AMENDMENT

Additionally, husband failed to preserve his objection to the witness' Fifth Amendment claim of privilege against self-incrimination.  The trial court ruled on the issue in its January 14, 1999 letter, but no objection was noted to this ruling or specifically preserved by the blanket objection to the final decree.

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.  A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

Rule 5A:18.  "We will not search the record for errors in order to interpret the [husband's] contention and correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

### IV.  APARTMENT COMPLEX

Lastly, husband argues that the trial court erred in affirming the commissioner's determination that the apartment

complex, purchased by husband and his mother, was partly marital property.  In its September 26, 2000 letter, the trial court addressed the apartment house as "Inquiry 12" and sustained the commissioner's recommendation that wife be awarded a twenty-five percent interest therein after tracing out the initial contribution of husband and his mother, because of her part in negotiating the purchase from her uncle and her work on the property during the marriage.  No specific objection was made to this ruling before the commissioner, nor does the transcript reflect any objection or argument on this issue.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions.  <u>See</u> Rule 5A:18.  For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>