COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Frank and Clements


MONTGOMERY R. GOCHENOUR

MEMORANDUM OPINION*

v.    Record No. 0484-03-3                PER CURIAM
                                        AUGUST 19, 2003
KATHLEEN M. GOCHENOUR


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

(Susan B. Read; Black, Noland & Read, P.L.C.,
on briefs), for appellant.

(Jessica L. Robinson; Nelson, McPherson,
Summers & Santos, L.C., on brief), for
appellee.


On appeal, Montgomery Gochenour (husband) contends the trial court erred: (1) in upholding the commissioner's recommendation and awarding wife seventy-five percent of the marital assets; (2) in upholding the commissioner's refusal to grant him a continuance; and (3) in awarding wife attorney's fees. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

The parties were married in 1989. They had a child in 1990. On March 7, 1999, they separated.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On April 5, 1999, husband filed a bill of complaint requesting, inter alia, that he be granted a divorce on the basis of wife's constructive desertion.

On April 30, 1999, Kathleen Gochenour (wife) filed an answer to husband's bill of complaint. She denied husband's allegation of constructive desertion and requested, inter alia, that she be granted a divorce on the grounds of husband's cruelty and adultery.

On June 29, 1999, wife filed a request for production of documents and interrogatories, and on July 9, 1999, husband served first interrogatories and requested documents.

In March, April and May 2001, wife filed answers and documents in response to all of husband's discovery requests.

On May 9, 2001, wife filed a motion to compel husband to respond to interrogatories and comply with her request for the production of documents.

On June 12, 2001, the trial court entered a decree of reference, referring "issues of fault, spousal support, all issues arising between the parties pursuant to § 20-107.3 . . . and attorney's fees" to Commissioner in Chancery G. William Watkins (the commissioner). The trial court authorized the commissioner to "enter such pre-trial orders as may be necessary to accomplish the purpose of this decree [of reference]."

By order entered on July 20, 2001, the commissioner advised the parties that "[a]ll discovery shall be concluded not later

-

than August 31, 2001, and no response to discovery shall be required of any person or party if the time for response under the Rules of the Supreme Court expires after such date." The commissioner scheduled hearings for October 25-26, 2001, and ordered the parties to exchange all documents, witness lists and exhibits by October 19, 2001. The commissioner scheduled a pretrial telephone conference for August 28, 2001, "in order to review the parties' preparations" for the October 2001 hearing. Wife completed all of her discovery obligations by the August 31, 2001 deadline.

On September 4, 2001, wife moved to continue the October 25, 2001 hearing. Wife advised the commissioner that husband "ha[d] not fully responded to discovery." She added that she had scheduled a vacation for that date.

On September 28, 2001, the commissioner entered a second notice extending the deadline for discovery to October 15, 2001, and continued the hearing dates to November 29-30, 2001. The commissioner advised the parties, inter alia, that the "failure of any party to make complete and timely responses to discovery requests shall give the party aggrieved by such failure sufficient cause to obtain an award of attorney's fees and costs incurred in the effort to obtain such responses."

On October 25, 2001, ten days after the discovery deadline, wife filed another motion to compel husband to comply with discovery. On October 26, 2001, husband's attorney filed a

-

motion to withdraw as counsel, alleging that, "[s]ince representing [husband], counsel has had an extremely difficult time obtaining documents in response to discovery requests." Counsel explained in detail husband's numerous excuses and continued failure to provide necessary and requested documents, noting that the "original [July 2001] trial date could not be complied with because outstanding discovery had not been supplied by [husband]." Counsel further advised the trial court of his belief that husband "has no intention of complying with the discovery order."

On November 6, 2001, the trial court granted counsel's request to withdraw.

On November 26, 2001, husband filed, pro se, a motion for a continuance alleging that his former attorney "misstated in writing to [him] the trial date set for this case." Husband indicated that he "had provided [his] attorney with listed objectives, outlined a course of action for achieving those objectives, and produced discovery relative to the schedules and timeline leading to the misstated trial date." Husband contended that, "[f]ollowing the above listed chain of events, it has come to bear that no action was taken with regard [sic] pertinent filings, disclosure and transfer of information vital to the progression of this case." Therefore, husband "request[ed] a continuance of this case, pursuant to this

-

motion, and the confusion which exists over the proposed trial date."

By letter dated November 27, 2001,[1] the commissioner acknowledged receipt of husband's continuance request, however, he noted that wife's attorney "advised Mr. Gochenour of the November 29th hearing date by letter dated November 13, 2001." Moreover, the commissioner recalled serving a document entitled "Notice of Hearing on both parties, by counsel, on September 26, 2001." The commissioner pointed out that this "case has been continued once because of the failure of [husband] and/or his counsel to properly respond to discovery." Despite that continuance, husband "remains in default under Rule 4:12." Because wife opposed another delay, the commissioner refused "to postpone the trial again . . . because of [husband's] continued failure to heed and follow the hearing schedule and rules of discovery." The commissioner acknowledged husband's attorney's "misdirection" in erroneously advising appellant in an October 1, 2001 letter that the trial date was December 6-7, 2001; however, husband "would not be in the position in which he finds himself if he had not resisted responding to [wife's] reasonable and routine discovery requests."

---

[1] The date on the first page of the letter, October 22, 2001, is in conflict with the date contained on page two, November 27, 2001. Because the letter discusses appellant's fax of November 22, 2001, asking for a continuance, we assume the letter was drafted on November 27, 2001.

-

On November 29, 2001, the commissioner conducted the scheduled hearing at which the parties presented evidence. He heard additional evidence on December 6, 2001. Husband appeared pro se.

On September 16, 2002, the commissioner filed a detailed twenty-three page report to the trial court. In it, he noted:

> Notwithstanding the patient, but persistent efforts of your Commissioner and [wife's] counsel, including letters, court orders, scheduling orders, motions to compel and continuances, copies of which are returned herewith, [husband] never fully complied with discovery and failed to file any schedules, exhibits or witness list as required in the Notice of Hearing. Accordingly, [wife] objected to most of [husband's] proffered exhibits and your Commissioner sustained her objections.

In the report, the commissioner summarized wife's testimony of husband's physical abuse and found sufficient evidence of cruelty "constituting at least one ground of divorce." The commissioner also found sufficient evidence of adultery by husband before and after separation "constituting a second ground for divorce."

After determining fault, the commissioner classified and valued the parties' personal and real property. He then considered each factor in Code § 20-107.3(E) before making his recommendations.

"After due consideration of all of the statutory factors," the commissioner concluded that

-

particular weight should be given to (i) the nonmonetary contributions of each party to the well-being of the family; (ii) the contributions, monetary and nonmonetary, of each party in the acquisition and care and maintenance of the marital property of the parties; and (iii) the circumstances and factors which contributed to the dissolution of the marriage.

The commissioner found that husband "benefited enormously from the expenditure of marital funds to reduce his personal indebtedness and make improvements to his separate property during the marriage." Moreover, husband's "obsessive tendency to stall and conceal information from his wife during the marriage and from her counsel during discovery has added to the difficulty of retracing these contributions and getting this case to trial."

"Because of the significant marital contributions made by the parties to increase the value of [husband's] separate property and [husband's] almost single-handed destruction of the parties' relationship over the course of the ten-year marriage," the commissioner found that wife "is entitled to a significantly larger share of the marital property." Therefore, he recommended "that 75% of the value of the marital property be allocated to [wife]."

On October 8, 2002, the trial court conducted a hearing on husband's exceptions to the commissioner's report. By letter opinion of December 30, 2002, the trial court found "it would have been inappropriate to continue" the November 29th hearing

-

"[g]iven [husband's] attitude towards the Court, the commissioner and counsel for Ms. Gochenour." Rather than retain new counsel, husband acted pro se in requesting the continuance. Thus, the trial court ruled "[t]here was no reason for the Commissioner to believe that Mr. Gochenour was dealing with him in good faith." Regarding the 75/25 division of marital property in favor of wife, the trial court also upheld the commissioner's recommendation for the same reasons expressed in the commissioner's report, namely, husband's conduct in bringing about the dissolution of the marriage and husband's failure to comply with discovery, thereby affecting the commissioner's ability to properly classify all of the property and resulting in a "disproportionately large amount of separate property for him."

EQUITABLE DISTRIBUTION

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

> The commissioner's report is deemed to be
> prima facie correct. The commissioner has
> the authority to resolve conflicts in the
> evidence and to make factual findings. When
> the commissioner's findings are based upon
> ore tenus evidence, "due regard [must be
> given] to the commissioner's ability . . .
> to see, hear and evaluate the witness at
> first hand." Because of the presumption of

-

correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence.

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citations omitted). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989). "Virginia law does not establish a presumption of equal distribution of marital assets." Matthews v. Matthews, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998). The trial court is vested with broad discretion to divide equally the assets or "to make a substantially disparate division of assets" pursuant to Code § 20-107.3(E). Id.

The evidence supports the findings made by the commissioner, which the trial court adopted. The commissioner's report was a careful, ordered and complete recitation of the steps taken in weighing the evidence and in deciding upon a fair and equitable distribution of the marital estate accumulated during the marriage. The commissioner attempted, as best he could under the circumstances, to determine the legal title, ownership, and value of the real and personal property. He identified the marital and separate property and presented a clear, concise, and cogent review and analysis of the evidence and the statutory factors in Code § 20-107.3.

-

In recommending an unequal distribution, the commissioner carefully considered all of the factors contained in Code § 20-107.3(E) and explained which of several factors he attributed more weight. In approving the award, the trial court agreed with the commissioner's reasoning and application of the statutory factors in making the award. Husband's failure to provide needed documentation affected the commissioner's ability to classify, value and distribute the property.[2] The award was not based solely on husband's fault, but rather on several factors, including the parties' monetary and non-monetary contributions, the parties' positive and negative non-monetary contributions to the well-being of the family and husband's noncompliance with discovery, which limited a thorough and complete evaluation of all property.[3] Thus, the award was supported by the evidence and was not plainly wrong. Accordingly, the trial court did not abuse its discretion or commit reversible error.

---

[2] For example, the commissioner was unable to determine the source of gain of the "little red house," which husband purchased in July 1998 and sold to his parents in October 1998 because husband failed to produce, despite repeated demands, attachments that might have explained the source of gain.

[3] Code § 20-107.3(E)(10) directs the trial court to consider, inter alia, "[s]uch other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award." Husband's dilatory and incomplete discovery obfuscated the commissioner and affected his ability to accurately identify and classify the property.

-

CONTINUANCE

"The decision whether to grant a continuance is a matter within the sound discretion of the trial court. Abuse of discretion and prejudice to the complaining party are essential to reversal. In considering a request for a continuance, the court is to consider all the circumstances of the case." Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986) (citations omitted).

Husband's attorney withdrew three weeks past the October 15, 2001 discovery deadline. At the time husband moved for a continuance, over two and one-half years had elapsed since he filed for divorce. During that period, he failed to comply with discovery, which negatively affected his credibility. Although several weeks had passed since husband's attorney withdrew because of husband's lack of cooperation, husband did not retain another attorney to argue in support of a continuance. Because the discovery deadline had passed long before husband's attorney withdrew and before husband filed his motion pro se, any undisclosed witnesses or evidence would have been inadmissible in the continued action. See Rule 4:12(b)(2) (listing sanctions for failure to comply with discovery). Therefore, even if the fact finder believed that husband sought a continuance in good faith so he could fully comply with discovery, husband is unable to show prejudice from the refusal

-

to grant the continuance.  Accordingly, the record supports the decision not to allow the continuance.

## ATTORNEY'S FEES

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."  Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999).  We find no abuse of discretion.  "The key to a proper award of fees is 'reasonableness under all of the circumstances revealed by the record.'"  Ragsdale v. Ragsdale, 30 Va. App. 283, 297, 516 S.E.2d 698, 705 (1999) (quoting Westbrook v. Westbrook, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988)).

In February 2002, wife submitted an expense sheet showing she had incurred $30,934 in legal fees as of that date.  Based on the commissioner's recommendation, the trial court awarded her $20,000 of her legal fees.  This case involved prolonged and fruitless efforts by wife and the commissioner to obtain husband's cooperation with discovery.  Based on the length with which the case lingered in court, the amount of legal fees incurred by wife, husband's complete lack of cooperation and the limited financial information available to the fact finder, the trial court acted reasonably and properly exercised its discretion in awarding wife a portion of her attorney's fees.

-

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.