## Richmond

BERNARD MEADE

V.

PAUL MAX WALLEN

Record No. 811193.

January 20, 1984.

Present: All the Justices.

*Benjamin F. Sutherland* for appellant.
No brief or argument for appellee.

PER CURIAM.

On August 26, 1977, Bernard Meade and Paul Max Wallen entered into an agreement containing this critical provision:

> BERNARD MEADE agrees to pay on the 5th. and the 20th. of each month, Fifteen (15) cents per Ton (2,000) lb. to enter upon and cross the property of BRENDA WAL-LEN AND PAUL M. WALLEN to haul coal and timber from Brown's property only.

Relying upon this agreement, Meade secured the right to mine coal and cut timber on the Brown property. At the time of trial in June, 1980, Meade had not yet mined any coal; however, during the years 1978 and 1979, he had cut timber on the Brown property and hauled it over the right-of-way on Wallen's land. Then, on April 21, 1980, Wallen directed Meade's timber contractor not to use the right-of-way further.

On May 3, 1980, Meade filed a bill of complaint for an injunction restraining Wallen from interfering with Meade's use of the right-of-way and for damages. After a hearing, the trial court enjoined Wallen from interfering with Meade's use of the right-of-way to haul coal, but held the agreement of August 26, 1977, "too vague to give Meade the right to haul timber" across Wallen's land. The court held further, however, that Meade could haul timber over the right-of-way by paying Wallen $1,050.00 in a lump sum, a figure the court established on the basis of the price Meade had paid a neighboring property owner for a right-of-way to haul timber.

 The trial court apparently found the agreement "too vague" with respect to Meade's right to haul timber because the compensation stated in the contract was "per Ton" and the court supposed that timber cannot be priced by the ton but only by the thousand feet. If this was the basis of the court's finding, the court was in error. The court erred further in establishing a new and different compensation for Meade's right to haul timber across Wallen's property.

> It is the function of the court to construe the contract made by the parties, not to make a contract for them. The question for the court is what did the parties agree to as evidenced by their contract. The guiding light in the construction of [the] contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares.

*Magann Corp.* v. *Electrical Works*, 203 Va. 259, 264, 123 S.E.2d 377, 381 (1962) (citations omitted).

Here, in clear and unambiguous language, the parties expressed their intention that Meade would have the right to haul coal and timber across Wallen's property by paying Wallen $0.15 per ton for either commodity. While it may be unusual to price timber by the ton, there is nothing in law or in logic to prevent parties from adopting this method as the basis of an arrangement between them.

The present record demonstrates that a given amount of timber can be converted easily into tons. Indeed, Meade showed that he had hauled 520.416 tons of lumber and 399.40 tons of logs across Wallen's property. At $0.15 per ton, Meade calculated that he owed Wallen a total of $137.97, and Meade testified he had paid Wallen this amount.

We will modify the trial court's decree by deleting the provision requiring Meade to pay Wallen $1,050.00 for the right to haul timber and by substituting therefor a provision enjoining Wallen from interfering with Meade's right under the contract of August 26, 1977, to haul timber across Wallen's property. We will remand the cause for a determination of the damages, if any, suf-

fered by Meade as a result of Wallen's interference with the use of Meade's right-of-way.

*Reversed and remanded.*