COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


MANSUR RAHNEMA

v. Record No. 1081-99-1

SHAHLA RAHNEMA                          MEMORANDUM OPINION[*] BY
                                        JUDGE LARRY G. ELDER
SHAHLA RAHNEMA                             MARCH 7, 2000

v. Record No. 1156-99-1

MANSUR RAHNEMA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Frederick B. Lowe, Judge

Moody E. Stallings, Jr. (Stallings &
Richardson, P.C., on brief), for Mansur
Rahnema.

Glenn R. Croshaw (Daniel T. Campbell;
Willcox & Savage, P.C., on briefs), for
Shahla Rahnema.


Mansur Rahnema (husband) and Shahla Rahnema (wife) appeal

the decision of the circuit court awarding husband a divorce and

determining the validity of certain agreements signed by the

parties.[1] Husband contends the trial court erred by (1) granting

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

        [1] The order from which the parties appeal was not a final
order. The trial court retained the matter on its docket for
enforcement of the terms of the separation agreement. However,
the order was appealable as an interlocutory order "adjudicating
the principles of a cause." See Code § 17.1-405(4)(ii); see

a divorce based on a one-year separation rather than on adultery without hearing any evidence on the adultery issue; and (2) sustaining the recommendation of the commissioner that the post marital agreement entered into by the parties on July 29, 1993 was valid and enforceable.  In her appeal, wife contends that the trial court erred by (1) finding that the set of marital agreements entered into on April 22, 1994 were unconscionable; and (2) failing to award wife attorney's fees and costs to which she claimed entitlement under the 1993 marital agreement.  We find no reversible error and affirm the ruling of the trial court.

"The commissioner's report is deemed to be prima facie correct."  Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990).  "When the commissioner's findings are based upon ore tenus evidence, 'due regard [must be given] to the commissioner's ability . . . to see, hear and evaluate the witnesses at first hand.'"  Id. (quoting Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 297 (1984)).  On appeal, "[t]he decree confirming the commissioner's report is presumed to be correct and will not be disturbed if it is reasonably supported by substantial, competent and credible evidence."  Brawand v. Brawand, 1 Va. App. 305, 308, 338 S.E.2d 651, 652 (1985).

---

also Erikson v. Erikson, 19 Va. App. 389, 391, 451 S.E.2d 711, 712-13 (1994).  This Court, therefore, has jurisdiction to hear this appeal.

Husband contends the trial court erred in affirming the commissioner's finding that he be granted a divorce on the ground that the parties lived separate and apart in excess of one year rather than on the ground of adultery. The commissioner found that husband failed to prove adultery. Husband excepted to the commissioner's finding. Husband contends that he was denied the opportunity to present evidence on adultery because the commissioner refused to hear his evidence. The commissioner ruled that evidence of adultery was unnecessary in light of his finding that the first marital agreement was valid. Under that agreement, the parties waived any benefit to which they were otherwise entitled by law, including equitable distribution under Code § 20-107.3 and spousal support other than contractually agreed.

Assuming that the commissioner erred in refusing husband's proffer of evidence supporting his allegations of adultery, we find no basis to reverse the trial court's decision because we affirm the trial court's decision regarding the validity of the first marital agreement. The evidence established that the parties lived apart following their separation in 1997. Even if husband proved adultery, a trial court is "not compelled to 'give precedence to one proved ground of divorce over another.'" Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted). Therefore, under the circumstances

of this case, we find no grounds for reversing the decision of the trial court granting husband a divorce on the ground of a one-year separation.

Husband also contends that the trial court erred by accepting the commissioner's finding that the 1993 agreement signed by the parties was valid and enforceable because he signed the agreement under duress. He further contends that paragraph VII--which required husband to execute a will contract leaving wife eighty percent of his assets upon his death and prevented him from further encumbering any of his assets without wife's consent--is unconscionable and should be severed from the agreement.

In the agreement, husband disclosed all his property, listed in the attached Schedule A, and gave wife a fifty percent interest in his separate property. Husband expressly waived the requirement for written disclosure of wife's property. Husband and wife agreed that wife would receive $100,000 in lump sum spousal support if the parties divorced after less than five years of marriage and $250,000 in lump sum spousal support if the marriage lasted more than five years. In paragraph VII, husband also agreed to revise his will to leave eighty percent of his assets to wife.

"[P]roperty settlement agreements are contracts . . . subject to the same rules of formation, validity, and interpretation as other contracts." Smith v. Smith, 3 Va. App.

510, 513, 351 S.E.2d 593, 595 (1986). "In construing the terms of a property settlement agreement, just as in construing the terms of any contract, we are not bound by the trial court's conclusions as to the construction of the disputed provisions." Id. "If all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court." Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).

Although husband contends he signed the agreement under duress, the commissioner found that no evidence supported this assertion. We agree that the evidence, viewed in the light most favorable to wife, supports this finding.

Common-law "duress" includes "'any wrongful acts that compel a person, such as a grantor of a deed, to manifest apparent assent to a transaction without volition or cause such fear as to preclude him from exercising free will and judgment in entering into a transaction.'" Norfolk Div. of Soc. Servs. v. Unknown Father, 2 Va. App. 420, 435, 345 S.E.2d 533, 541 (1986) (citation omitted).

> "'Duress may exist whether or not the threat
> is sufficient to overcome the mind of a man
> of ordinary courage, it being sufficient to
> constitute duress that one party to the
> transaction is prevented from exercising his
> free will by reason of threats made by the
> other and that the contract is obtained by

reason of such fact.  Unless these elements are present, however, duress does not exist. . . .  Authorities are in accord that the threatened act must be wrongful to constitute duress.'"

Pelfrey v. Pelfrey, 25 Va. App. 239, 246, 487 S.E.2d 281, 284 (1997) (citations omitted).  The evidence indicated that husband was anxious to have this marriage, his fourth, work out.  However, he had counsel's assistance and advice throughout the drafting of the agreement.  Although husband's counsel refused to let him sign the first draft of the agreement, husband nevertheless proceeded to sign a revised agreement.

Under Code § 20-155(B), applicable to this agreement through Code § 20-151 and § 20-154, "[a]ny issue of unconscionability of a premarital agreement shall be decided by the court as a matter of law.  Recitations in the agreement shall create a prima facie presumption that they are factually correct."  Here, the agreement expressly provided that

[t]he parties both freely and expressly stipulate that this Agreement is not unconscionable nor was it at the time it was negotiated and executed; that each party was provided a fair and reasonable disclosure of all the property and financial obligations of the other party, with Schedule "A" being attached hereto as proof of Husband's disclosure to Wife and Husband does hereby voluntarily and expressly waive any disclosure other than that previously orally provided to him by the Wife; that each is satisfied with all the property and financial disclosure heretofore made by each to the other; and that each party voluntarily and expressly waives any right to a disclosure of the property or financial

obligations of the other party beyond that disclosure provided by this Agreement.

Therefore, the record contains prima facie evidence that the agreement was not unconscionable when husband signed it.

"It is the function of the court to construe the contract made by the parties, not to make a contract for them. The question for the court is what did the parties agree to as evidenced by their contract. The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares."

Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984) (quoting Meade v. Wallen, 226 Va. 465, 467, 311 S.E.2d 103, 104 (1984)). The commissioner found no evidence that husband acted under duress when he entered into the agreement or that he lacked the capacity at that time to sign the agreement. We find no basis to reverse the decision of the trial court accepting the commissioner's finding.

For these reasons, we affirm the ruling of the trial court on the ground for the divorce and the validity of the first marital agreement.

Record No. 1156-99-1

In her appeal, wife contends that the commissioner erred by finding that the series of property conveyances and agreements referred to as the second set of agreements were unconscionable. "Historically, a bargain was unconscionable in an action at law

if it was '"such as no man in his senses and not under delusion would make on the one hand and as no honest and fair man would accept on the other."'" Derby v. Derby, 8 Va. App. 19, 28, 378 S.E.2d 74, 78-79 (1989) (citations omitted), quoted with approval in Pelfrey, 25 Va. App. at 244, 487 S.E.2d at 284. In Derby, this Court set aside as unconscionable a contract which awarded the wife virtually all the husband's property, noting that "gross disparity in the value exchanged is a significant factor in determining whether oppressive influences affected the agreement to the extent that the process was unfair and the terms of the resultant agreement unconscionable." Derby, 8 Va. App. at 28, 378 S.E.2d at 79.

In the second series of agreements, husband gave wife virtually everything he owned, giving up even the fifty percent interest in certain property that he had retained under the first marital agreement. The deeds granted wife in her sole name, "by reason of love and affection," 116 acres of land in Pungo, the marital residence and its contents, husband's IRA certificate worth $24,237, certain stocks, and his pension plan. Although wife's counsel, Carrollyn Cox, sent certain letters to husband's counsel, Greg Giordano, Giordano testified that he did not communicate with husband concerning the second series of agreements. The commissioner found that husband was not represented by counsel when he executed these deeds. Despite the fact that the parties had been married for only a year at

the time the deeds were executed and that the marriage lasted only four years, the agreements gave wife everything husband had acquired in his thirty years of professional life. The agreements left nothing for husband's son, who suffered from mental illness and was unable to provide for himself. The commissioner found clear and convincing evidence proved that the agreements were unconscionable. The commissioner's findings were fully supported by the evidence, viewed in the light most favorable to husband. Therefore, we find no error in the decision of the trial court affirming the commissioner's report and setting aside the second set of agreements on the ground that they were unconscionable.

Wife also contends that the commissioner erred by not awarding her attorney's fees and costs as provided in the first agreement. An award of attorney's fees or costs is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The commissioner refused to award wife attorney's fees, finding that "the majority of the effort and, therefore, I assume the attorney's fees has been about the second set of documents, which I have found to be invalid." The commissioner

ordered the parties to split the costs equally.  We reject wife's contention that she was entitled to an award of attorney's fees under the first marital agreement because the commissioner found that the majority of the fees did not arise in the context of enforcing that agreement.  Further, as wife conceded at oral argument, the trial court had the authority to award husband fees based on the resolution of the challenge to the second agreement in a manner favorable to him.  Accordingly, the trial court reasonably could have concluded that the net fee award to wife should be zero.  For the same reason, we find no abuse of discretion in the decision not to award her costs.

For these reasons, we affirm the trial court's ruling regarding the unconscionability of the second set of agreements and its denial of wife's request for attorney's fees and costs pursuant to the first agreement.

<u>Affirmed.</u>