COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Bumgardner and Clements
Argued at Chesapeake, Virginia


RANDOLPH E. JENNINGS

                                     MEMORANDUM OPINION[*] BY
v.    Record No. 2058-01-1         JUDGE RICHARD S. BRAY
                                         APRIL 30, 2002
EDITH V. JENNINGS


        FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                   AND COUNTY OF JAMES CITY
                   Thomas B. Hoover, Judge

         C. Randall Stone for appellant.

         (Willafay H. McKenna, on brief), for
         appellee.


     Randolph E. Jennings (husband) and Edith V. Jennings (wife)

were divorced by decree of the trial court entered September 4,

1997, which expressly incorporated the terms and conditions of

the parties' "Property Settlement Agreement" (agreement).  The

court thereafter considered numerous issues relating to property

and spousal support, all of which were resolved by the order on

appeal, entered July 12, 2001.

     Husband contends the trial court erroneously (1) awarded

wife spousal support contrary to the provisions of the

agreement, statute, and the report and recommendation of the

commissioner in chancery, and (2) failed to consider those

─────────────────────

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

factors specified by Code § 20-107.1 in determining such support.  On cross-appeal, wife complains the court improperly "grant[ed] [husband] leave to file a late objection" to the commissioner's recommendation that she be awarded attorney's fees and erroneously classified certain property of the parties. Finding no error, we affirm the trial court.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

I.

In 1992, husband instituted a "Bill of Complaint" for divorce from wife, seeking an array of relief.  Wife responded by "Cross-Bill," also praying for a divorce and attendant relief, specifically including "periodic . . . and . . . lump sum . . . support and maintenance."  On October 23, 1992, the trial court ordered husband "to pay [wife] spousal support pendente lite" of $1,300 per month, commencing October 9, 1992, until terminated by specified events, including "modification by [the] court."

In February 1993, the parties entered into the subject agreement, which provided, inter alia, that:

> 2.  Any proceedings for . . . divorce . . .
> or for spousal support and maintenance,
> . . . shall be subject to, and governed by,
> the terms of this Agreement . . . .
>
> *     *     *     *     *     *     *

-

9. The Wife [and husband are] hereby granted the continuing right, and specifically reserve[] the right, (unless . . . remarrie[d]) to petition a court of competent jurisdiction for future awards of alimony/spousal support, said spousal support/alimony to remain under the jurisdiction of a court of competent jurisdiction. . . . The Husband represents, and the Wife relies on that representation, that he is currently unemployed and receives no other income except from retirement, social security, interest and dividends, which have been disclosed. The Husband shall continue to pay to the Wife, pursuant to the pendente lite order in the Circuit Court of the County of Fairfax the pendente lite support of $1,300.00 per month alimony through the February 1993 payment, at which time the pendente lite support shall cease.

   \*     \*     \*     \*     \*     \*     \*

25. Each party does hereby release and forever discharge the other of, and from, all causes of action, claims or rights or demands whatsoever, in law or in equity, . . . under 20-107.1 and/or 20-107.3 of the 1950 Code of Virginia, as amended, including all rights of alimony and/or spousal support and equitable distribution and all rights to share in the property, including pensions, et. al., of the other, except as set forth in this Agreement.

   \*     \*     \*     \*     \*     \*     \*

32. This Agreement shall be construed in accordance with the laws of the State of Virginia, as they presently exist, and pursuant to Sections 20-109 and 20-109.1 of the 1950 Code of Virginia, as amended.

By order entered March 10, 1993, the trial court "affirmed and incorporated . . . _pendente_ _lite_" the agreement and directed "the parties . . . to comply with its terms."

-

Husband and wife thereafter reconciled and, upon joint motion, the then pending divorce proceedings were ordered "non-suited without prejudice to either party."  However, further marital discord followed, and, on June 28, 1994, the parties again separated.  Shortly thereafter, wife initiated the instant cause for divorce, and husband responded with a "Cross-Bill" for like relief.  Each moved the court to adopt the terms of the original agreement,[1] with wife expressly seeking "continue[d]" and "additional" spousal support.

Husband and wife were subsequently divorced by a final decree of the trial court, entered September 4, 1997, which "ratified, confirmed, approved and incorporated" the terms of the agreement.  However, because "spousal support and certain property issues, rights and interests remain[ed] unresolved between the parties, . . . [the] Court specifically reserve[d] jurisdiction to determine those issues which are executory pursuant to the Agreement . . ." and referred the matter to a commissioner in chancery (commissioner) for hearing and report to the court.

Following extensive evidentiary hearings, the commissioner reported his findings and recommendations to the court on August 10, 1999.  After recommending resolutions for a myriad of

---

[1] Paragraph 26 of the agreement provided that "[n]o reconciliation of the parties . . . and no cohabitation between [them] of any nature whatsoever [would] nullify or affect [its] validity or enforceability . . . ."

-

property and like issues before the court, the commissioner concluded "that unless and until the real property in issue is sold and proceeds divided, a final award for support and maintenance of [wife] should not be fixed by the Court."  The commissioner further recommended an award of attorney's fees from husband to wife.

Excepting to the report, wife, in pertinent part, contended the commissioner erroneously failed "to recommend an award of spousal support to [her]" and omitted husband's "airplane" for distribution as "marital propert[y]."  Upon motion of wife, husband's exceptions were "stri[cken]" as untimely filed.  The court overruled wife's exceptions, finding "[t]he Agreement between the parties control[led]."

Following the subsequent disposition of certain properties of the parties, the court, on March 8, 2001, conducted a final hearing to determine the several remaining issues, apparently then ruling ore tenus that wife was entitled to an award of $346 per month spousal support.  Husband's subsequent "Motion to Rehear, Reconsider, Modify and Vacate" was denied.  An order entered July 12, 2001, memorializing the ruling of March 8, 2001, provided that

> upon consideration of the statutory factors
> in § 20-107.1, the Court finds, based on the
> length of the marriage, the standard of
> living established therein, her need and the
> defendant's ability to pay spousal support,
> that it would be manifestly unjust not to
> award spousal support in the reasonable

-

> amount requested by plaintiff.  It is accordingly ADJUDGED, ORDERED and DECREED that [husband] shall pay to [wife] the sum of $346.00 each month for her support and maintenance beginning on April 1, 2001 . . . .

Revisiting husband's "late objection" to the recommended award of attorney's fees to wife, the court ordered "each party . . . be responsible for his or her own attorney's fees."

## II.

Relying upon the reduction of the earlier pendente lite spousal support from $1,300 per month to zero and attendant recitations in the agreement and Code §§ 20-109(B), -109(C), and -109.1, husband first contends wife was required "to show a change in circumstances" as a condition to the spousal support award.  We disagree.

Code § 20-109.1 empowers the trial court to "affirm, ratify and incorporate by reference in its decree dissolving a marriage . . . any valid agreement between the parties . . . concerning the conditions of the maintenance of the parties," and "such agreement . . . shall be deemed . . . a term of the decree . . . ."  "[N]o decree or order directing the payment of support and maintenance for the spouse . . . shall be entered except in accordance with that stipulation or contract."  Code § 20-109(C).  If such stipulation or contract "provided no separate criteria for determining how or when to modify support," the party seeking modification must "show a material

-

change in circumstances warranting a modification of support."

Blackburn v. Michael, 30 Va. App. 95, 101, 515 S.E.2d 780, 783
(1999).  Thus, for husband to prevail on his argument, the
record must establish that the court improperly modified spousal
support contrary to the terms of the agreement and Code
§ 20-109(C).

"In Virginia, property settlement agreements are contracts
and subject to the same rules . . . of interpretation as other
contracts."  Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d
593, 595 (1986).  Thus,

> "[i]t is the function of the court to
> construe the contract made by the parties,
> not to make a contract for them.  The
> question for the court is what did the
> parties agree to as evidenced by their
> contract.  The guiding light in the
> construction of a contract is the intention
> of the parties as expressed by them in the
> words they have used, and courts are bound
> to say that the parties intended what the
> written instrument plainly declares."

Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398
(1994) (quoting Meade v. Wallen, 226 Va. 465, 467, 311 S.E.2d
103, 104 (1984)).  Interpreting an agreement on appeal, we are
not bound by the trial court's construction of the provisions.
See Smith, 3 Va. App. at 513, 351 S.E.2d at 595.

The instant agreement "granted" both husband and wife "the
continuing right" to "petition a court . . . for future awards
of alimony/spousal support," "specifically reserv[ing] [such]
right" to each party.  The agreement thereafter references

-

husband's limited income and terminates the earlier pendente lite award. However, the reduction of spousal support to wife was clearly subject to her right, at any time thereafter, to petition the court for an award of such support. In then assessing wife's entitlement to relief on the petition, husband's employment, income and a myriad of other relevant factors would be appropriate considerations for the court. See Code § 20-107.1. However, the agreement does not condition subsequent judicial intervention and review upon proof of circumstances different from those contemporaneous with the agreement. A contrary interpretation would be inconsistent with the "continuing" and "reserved right" expressly conferred upon both parties.

Moreover, as the commissioner contemplated in deferring the issue of spousal support for determination by the court following resolution of certain property interests, relevant circumstances of the parties clearly changed from execution of the agreement in February 1993 to the support hearing on March 8, 2001. Without recounting such evidence, numerous property interests transferred, sold and otherwise altered during the period significantly impacted both parties.

Accordingly, the court addressed spousal support consistent both with the agreement and statute.

Husband next asserts that the trial court awarded spousal support without "properly apply[ing]" all the factors in Code § 20-107.1.  Again, we find no error.

In determining spousal support, the trial court must consider the factors enumerated in Code § 20-107.1.  See Holmes v. Holmes, 7 Va. App. 472, 483, 375 S.E.2d 387, 394 (1988).  Although this requirement

> implies substantive consideration of the
> evidence presented as it relates to all of
> these factors[,] [t]his does not mean that
> the trial court is required to quantify or
> elaborate exactly what weight or
> consideration it has given to each . . . .
> It does mean, however, that the court's
> findings must have some foundation based on
> the evidence presented.

Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).  Thus, "[w]hen the record discloses that the trial court considered all of the statutory factors, the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion."  Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992) (citation omitted).

Here, the court's July 12, 2001 order recites:

> [U]pon consideration of the statutory
> factors in § 20-107.1, the Court finds,
> based on the length of the marriage, the
> standard of living established therein, her
> need and the [husband's] ability to pay
> spousal support, that it would be manifestly
> unjust not to award spousal support in the
> reasonable amount requested by [wife].  It
> is accordingly ADJUDGED, ORDERED and DECREED
> that [husband] shall pay to [wife] the sum
> of $346.00 each month for her support and

-

maintenance beginning on April 1, 2001 and continuing on the first of each subsequent month until [wife's] remarriage or until the death of either party.

The record, therefore, clearly reflects consideration of "the statutory factors in [Code] § 20-107.1," with emphasis upon those factual findings deemed pertinent to the decision, all of which were well supported by the evidence. We, therefore, find no error in the award.

Lastly, husband maintains the trial court erroneously awarded spousal support, despite the recommendation of the commissioner. However, contrary to husband's argument, the commissioner did not urge the court to "deny" support but, rather, recommended deferral of the issue "until the real property in issue is sold and proceeds divided," a procedural course adopted by the court.

III.

On cross-appeal, wife presents additional "Questions Presented:" (1) "Whether the trial Court erred in granting [husband] leave to file a late objection to that part of the Commissioner's Report which recommended an award of attorney's fees to [her]," and (2) "Whether the trial Court erred in classifying property acquired by the parties during a period of separation as separate property."

Wife's first complaint on cross-appeal is supported by an argument that addresses "public policy" and related issues

-

attendant to the mutual "waiver" of counsel fees set forth in the agreement.  Thus, wife engages an issue distinct from her original "Question[] Presented."  Stated differently, her argument fails to address the issue raised on cross-appeal.  An argument not fully developed in appellant's brief need not be addressed on appeal.  Rogers v. Rogers, 170 Va. 417, 421, 196 S.E. 586, 588 (1938).  "We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Wife's second contention on cross-appeal, challenging the court's classification of a Lincoln Town Car and an airplane, items purchased by wife and husband, respectively, as "separate property," is procedurally barred.  Both items are specifically addressed in paragraph 13 of the agreement, which allocates the Lincoln to wife, as her "sole and separate property," and the airplane to husband, as his "sole and separate property." Wife's exceptions to the commissioner's report addressed only omission of the airplane from "marital properties."  Further, wife's counsel "Respectfully Requested" the court to enter the order subject of the instant appeal, which makes no mention of either the Lincoln or the airplane.

It is well established that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the

-

time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice . . . ."  Rule 5A:18; see Lee v. Lee, 12 Va. App. 512, 515-16, 404 S.E.2d 736, 737-38 (1991) (en banc).  Clearly, the endorsement of wife's counsel to the order evinced no objection to the contents.  Wife does not assert the "good cause" or "the ends of justice" exceptions to Rule 5A:18, and we perceive no justification otherwise to review the issue.  See Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).  Thus, Rule 5A:18 precludes consideration of the issue on appeal, and we affirm the trial court.

Accordingly, for the reasons stated, we affirm the judgment of the trial court.

Affirmed.

-