COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Humphreys and Senior Judge Overton


JOY WALKER WESNER

                                                    MEMORANDUM OPINION[*]
v.      Record No. 2433-04-1                             PER CURIAM
                                                         APRIL 5, 2005
WILLIAM HENRY WESNER


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                           H. Thomas Padrick, Judge

            (G. Michael Price; Connor & Price, P.C., on brief), for appellant.

            (Cheshire I'Anson Eveleigh; Wolcott Rivers Gates, on brief), for
            appellee.


        On appeal, Joy Walker Wesner (wife) contends the trial court erred in:  (1) "denying her

show cause petition that [William Henry Wesner (husband)] be ordered to pay her for 'room and

board' for their daughter . . . while she lived with [wife] and attended Tidewater Community

College full time"; and (2) "ordering [her] to pay one-half of [her daughter's] expenses to attend

Virginia Tech."  Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                   BACKGROUND

        Husband and wife were divorced by final decree entered by a family court in Hawaii on

March 19, 1999.  The parties moved to Virginia and petitioned the circuit court to enforce the

terms of the Hawaii decree.  By order dated July 14, 2000, the trial court noted "the parties have

reached an agreement in this matter," and the court amended portions of the Hawaii decree so as

to comply with the agreement and Virginia law.  In pertinent part, the trial court ordered:

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

3. [Husband]'s obligation for child support which extended to age 23 under the terms of the Hawaii Decree is hereby modified to comply with Virginia law. Therefore, child support will terminate upon the occurrence of one or more of the following events: 1) death of the child; or 2) the attainment of the child's eighteenth birthday or completion of the twelfth year of high school, whichever shall last occur, so long as the child is actively enrolled in a high school educational program not to extend past the nineteenth birthday.

\* \* \* \* \* \* \*

4. Each party will pay one half of the costs for tuition, room and board, activity fees, and books for each child for so long as the child continues his or her education post high school on a full-time basis at an accredited college or university, or in a vocational or trade school, remains a student in good standing and until the child attains the age of 23 years. The costs to each party shall not exceed one half of the costs for the child to attend a Virginia institution of higher learning as an in-state student. Additionally, any amounts received by the children for scholarships or grants or any payments made by the children shall first be deducted before calculating each party's obligation. Each party may request from the children or the school documentation regarding costs and credits for scholarships, etc. prior to paying his or her portion of such costs.

On July 8, 2004, husband filed a petition in the trial court alleging that wife "has failed and refused to pay the appropriate college expenses both past and future for [their daughter,] Leah Erin Wesner." In response, wife filed a petition alleging that husband "has failed and refused to pay his half of said room and board expenses" provided by wife in her home while Leah attended Tidewater Community College.

At an *ore tenus* hearing on the parties' petitions, the evidence showed that the daughter lived with the wife and attended the community college from fall 2001 until spring 2003, when she completed her two-year program of study. She testified that wife told her "as long as [she] was attending college, . . . money was not an issue; that [she] would not owe her any rent as long as [she] was still in school." Wife testified that she made the daughter aware "that once she was out of college and working full time she would help me with rent or whatever." However, she

moved out of wife's home in July 2003 and applied for admission at Virginia Tech. Virginia Tech informed her she needed to take three courses in order to be eligible for admission as a junior. The daughter enrolled in no courses during the fall of 2003 but enrolled at the community college during the spring of 2004. She was admitted into Virginia Tech as a junior for the 2004-2005 academic year and lives in an apartment while attending Virginia Tech full-time.

Husband and the daughter each paid half the costs of the additional required courses at the community college. Neither husband nor the daughter sought reimbursement for any costs incurred while the daughter was not enrolled as a full-time student.

The trial court reviewed the terms of the July 14, 2000 order memorializing the parties' agreement. The trial court explained:

> What the parties agreed to in their order - - and this is their order, and they are agreeing to something that Virginia law would not order them to do so unless they obviously had agreed. That's why I was asking was there a contract. And what they agreed to when they moved here - - and again, I'm not applying Hawaiian law. Apparently there is something else going on in Hawaii. Maybe the law is different. I don't have any knowldge of Hawaiian law. Nobody has quoted it; so I'm not going to consider it.

The trial court refused to "rewrite the contract." Noting that the agreement did not contain a provision allowing a parent to be reimbursed for room and board provided by the other parent while the child attended school full-time, the court "disallow[ed] [wife's] request for room and board while [the daughter] was living in the mother's home, attending Tidewater Community College." The trial court also rejected wife's argument that the daughter's failure to attend school full-time after completing community college and before she began her full-time studies at Virginia Tech ended her obligation to pay for college tuition and costs. The trial court reasoned "that the fact that she graduated from [community college] and had the interim time is of no moment, is not really important because the parties felt the cutoff was 23 [years of age]."

- 3 -

ROOM AND BOARD

"Where [an] agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement and the court may not impose an obligation not found in the agreement itself." Jones v. Jones, 19 Va. App. 265, 268-69, 450 S.E.2d 762, 764 (1994). "'Courts cannot relieve one of the consequences of a contract merely because it was unwise' . . . [or] 'rewrite a contract simply because the contract may appear to reach an unfair result.'" Rogers v. Yourshaw, 18 Va. App. 816, 823, 448 S.E.2d 884, 888 (1994) (citations omitted).

The parties did not agree to make either parent responsible for repaying half of the room and board to the other parent if the other parent allowed the daughter to live with him or her. Wife conceded that the agreement did not contain such a provision. Furthermore, the daughter testified that wife told her she did not have to pay room or board as long as she attended community college. To now obligate husband for the "room and board," which wife offered to the daughter and which the agreement never contemplated, would be to rewrite the agreement. See Jones, 19 Va. App. at 268-69, 450 S.E.2d at 764. Accordingly, the trial court did not err in refusing to order husband to pay that amount.

VIRGINIA TECH TUITION

Wife contends her obligation ended as soon as the daughter stopped attending college on a full-time basis. The trial judge properly rejected this argument.

> "It is the function of the court to construe the contract made by the parties, not to make a contract for them. The question for the court is what did the parties agree to as evidenced by their contract. The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares."

Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984) (quoting Meade v. Wallen, 226 Va. 465, 467, 311 S.E.2d 103, 104 (1984)).

The parties agreed to pay the daughter's tuition and expenses "until [she] attains the age of 23 years." She will be twenty-three years old on October 5, 2005. They further limited their financial obligations to periods when the daughter "continues . . . her education post high school," at an accredited college or university "on a full-time basis" and remains "a student in good standing." Nothing in the agreement required her to attend college continuously during the expressed limitation period. The word "continue" was used as a verb, meaning to pursue, not to describe or require continuous, uninterrupted attendance. Had the parties intended to so terminate their obligation, they could have included a provision that the daughter must attend school full-time on a continuous basis, without interruption.

To interpret the occurrence of one provision, namely, lack of full-time status, as barring any future obligations would improperly over-emphasize one provision of the agreement. Merely because the daughter did not immediately enroll in Virginia Tech after finishing community college did not mean she could no longer "continue" her post high school education under the agreement. She complied with all of the terms and provisions of the agreement. We conclude, therefore, that the trial court correctly interpreted the provisions in the order.

For these reasons, the decision of the trial court is summarily affirmed.

Affirmed.