COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

SURGI-CENTER OF CENTRAL VIRGINIA

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 0484-15-2                    JUDGE ROSSIE D. ALSTON, JR.
                                                  NOVEMBER 24, 2015
McLANE COMPANY, INC. AND
 NEW HAMPSHIRE INSURANCE COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Zenobia J. Peoples for appellant.

Emily S. Kirkpatrick (Midkiff, Muncie & Ross, P.C., on brief), for
appellees.

Surgi-Center of Central Virginia (appellant/Surgi-Center) appeals a decision of the

Workers' Compensation Commission (the Commission).  Surgi-Center alleges that the

Commission erred in affirming the deputy commissioner's finding that Surgi-Center's bills for

medical treatment provided to Earl Weimer (claimant) were properly reduced pursuant to a series

of preferred provider contracts.  Specifically, Surgi-Center argues that the Commission

improperly found that a notice requirement provision in Surgi-Center's initial facility services

agreement with Aetna Health, Inc. (Aetna) did not apply to a 2010 amendment to the agreement

and therefore, Surgi-Center was not entitled to notice that New Hampshire Insurance Company

(carrier) qualified as a "Payor" under the 2010 amendment and was entitled to reduced

reimbursement rates for services rendered by Surgi-Center.  We find no error in the

Commission's interpretation of the relevant contracts or its ruling and affirm the Commission's

decision.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  Background

The parties involved participated in a number of contractual agreements over a ten-year span.  On June 26, 2000, AIG and its subsidiaries, which included carrier, entered into a Provider Network and Bill Audit Services Agreement (the "services agreement") with First Health Group Corp. ("First Health"), a contract provider network.  The services agreement provided carrier access to First Health's preferred provider networks.

On September 1, 2007, First Health and Aetna's Workers' Comp Access, LLC, ("AWCA"), a subsidiary of Aetna Health, Inc., entered into a Network Services Agreement, which provided that First Health would offer its clients access to AWCA's network of preferred healthcare providers and reduced reimbursement rates (the "AWCA/First Health agreement"). The AWCA/First Health agreement provided that First Health, "offers, either directly or through a [First Health] affiliate, access to a network of contract providers, or arranges for such services to be provided to Clients."[1]  Through its initial services agreement with First Health and the AWCA/First Health agreement, pursuant to which carrier qualified as a client, carrier gained access to the AWCA preferred healthcare provider network and AWCA reimbursement rates.

On August 1, 2004, Surgi-Center, the healthcare provider in the present case, entered into a Facility Services Agreement (the "Surgi-Center agreement") with Aetna Health, Inc., whereby Surgi-Center became a participating provider to Aetna's members.  The Surgi-Center agreement

---

[1] Client was defined in Paragraph 1.4 as:

> [An] entity, including but not limited to, insurance carriers, third party administrators, resellers, employers, and other entities, including, any clients of such insurance carriers, third party administrators, resellers, employers, and other entities who contract with [First Health] or [First Health] Affiliate, either directly or indirectly, to access the WC Network and who also has the financial responsibility for payment of Medical Services to Claimants.

contained a provision requiring Aetna to provide Surgi-Center with notice whenever it conveyed the benefits of the Surgi-Center agreement, including the services and compensation schedules, to payors.[2] Surgi-Center and Aetna amended the Surgi-Center agreement on April 1, 2010, to enroll Surgi-Center as a participating provider in the AWCA network (the "AWCA/Surgi-Center amendment"). The AWCA/Surgi-Center amendment provided that Surgi-Center agreed to accept certain specified rates as payment in full for compensable services rendered to workers' compensation claimants under workers' compensation insurance coverage provided by carrier clients of AWCA. The AWCA/Surgi-Center amendment further provided that payment for services rendered would be made pursuant to an attached rate schedule. Under the schedule, Surgi-Center was entitled to payment in the lesser of either 85% of the allowable amount or 100% of billed charges. Additionally, the AWCA/Surgi-Center amendment redefined the term "Plan Sponsor" to include "Payor."[3] Finally, the AWCA/Surgi-Center amendment provided that:

---

[2] The agreement provided, in part:

> [Aetna] may sell, lease, transfer or otherwise convey to payers (other than Plan Sponsors) which do not compete with [Aetna's] product offerings (e.g. workers' compensation or automobile insurers) in the geographic area where [Surgi-Center] provides Covered Services, the benefits of this Agreement, including, without limitation, the Services and Compensation Schedule attached hereto, under terms and conditions which will be communicated to [Surgi-Center] in each case. For those programs and products which are not health benefit products (e.g. workers' compensation or auto insurance), [Surgi-Center] shall have thirty (30) days from receipt of the aforementioned notice from [Aetna] to notify [Aetna] in writing if [Surgi-Center] elects not to participate in such product(s).

[3] The original 2004 agreement defined "Plan Sponsor" in Section 1.34 as:

> An employer, insurer, third party administrator, labor union, organization, or other person or entity which has contracted with

All terms and conditions of the Agreement, not in conflict with the terms and conditions set forth in this Amendment, to the extent reasonably applicable to Compensable Services, shall also apply to Compensable Services provided to Claimants. In the event that any provision or definition in this Amendment relating to Compensable Services provided to Claimants conflicts with any other provisions or definition in the Agreement, this Amendment shall govern solely as it relates to Compensable Services provided to Claimants.

On March 31, 2010, claimant, an employee of McLane Company, Inc. (employer/appellee), sustained a compensable injury to his left wrist. Surgi-Center provided medical services to claimant on April 1, 2010, the same day that the AWCA/Surgi-Center amendment was signed. After providing treatment to claimant, Surgi-Center billed carrier for the treatment provided. Pursuant to the AWCA reduced reimbursement rates, carrier made payments totaling less than one hundred percent of the total billed by Surgi-Center. On June 4, 2013, Surgi-Center filed its application seeking additional payment of $8,725.31 for services provided to claimant. Employer and carrier asserted that Surgi-Center was bound by the AWCA/Surgi-Center amendment and that under that agreement, the reimbursement or payment rates for services rendered totaled $2,344.69. The dispute between carrier and Surgi-Center was placed before the Commission for adjudication.

The deputy commissioner ruled that the charges were properly reduced pursuant to the AWCA/Surgi-Center amendment. Moreover, the deputy commissioner found that even though Surgi-Center may not have been specifically advised of the AWCA/First Health agreement

---

[Aetna] to offer, issue and/or administer a Plan that is not a Full Risk Plan and has agreed to be responsible for funding benefit payments for Covered Services provided to Members under the terms of a Plan.

The AWCA/Surgi-Center amendment defined "Payors" in the preamble as "employers, workers' compensation insurance carriers and third party administrators." Section III of the AWCA/Surgi-Center amendment provided that "[Aetna] may provide access or otherwise convey to Payors the benefits of this Agreement."

and/or the exact dollar amount that would be paid for services, Surgi-Center clearly received notice of reimbursement rates through the rate schedule attached to the AWCA/Surgi-Center amendment. The deputy commissioner also relied on language in the AWCA/Surgi-Center amendment that provided that if the terms of the original agreement and the AWCA/Surgi-Center amendment conflict, the amendment's terms would prevail. Therefore, according to the deputy commissioner, the notice provision contained in the original agreement did not apply to the AWCA/Surgi-Center amendment and carrier properly paid reduced reimbursement rates pursuant to its access to the AWCA network through First Health.

The Commission affirmed the deputy commissioner's finding, noting that there was no dispute regarding the validity of any of the agreements at issue and no dispute that the notice requirements in the 2004 agreement had not been followed. In addition, the Commission agreed with the deputy commissioner that the AWCA/Surgi-Center amendment "[did] not impose the same notice requirements" and therefore "it is necessarily in conflict with the Agreement." Thus, because the AWCA/Surgi-Center amendment provided that its terms would prevail in such a scenario; the Commission held the notice provision was inapplicable in the instant case. This appeal followed.

## II. Analysis

As there are no factual findings at issue in this case and our review extends solely to the interpretation of undisputed contracts, this case "presents a question of law subject to de novo review." Cappo Management v. Inc. v. Britt, 282 Va. 33, 37, 711 S.E.2d 209, 210-11 (2011) (quoting PMA Capital Ins. Co. v. U.S. Airways, Inc., 271 Va. 352, 357-58, 626 S.E.2d 369, 372 (2006)).[4] "[This Court is not] bound by the [Commission]'s interpretation of the contract

---

[4] Surgi-Center argues on brief that this Court should apply the credible evidence standard to our review of the Commission's decision in this case. However, the record reveals that the

- 5 -

provision at issue; rather, [this Court has] an equal opportunity to consider the words of the contract within the four corners of the instrument itself." Reston Surgery Ctr. v. City of Alexandria, 62 Va. App. 549, 560, 750 S.E.2d 214, 219 (2013) (quoting PBM Nutritionals, LLC v. Lexington Ins. Co., 283 Va. 624, 633, 724 S.E.2d 707, 712-13 (2012)).

Surgi-Center contends that the Commission erred in determining that Surgi-Center's bills for medical treatment rendered to the claimant were properly reduced. Specifically, Surgi-Center argues that because the 2004 agreement required Aetna to notify Surgi-Center when it conveyed the reduced reimbursement rates to payors, that same notice provision was incorporated into the AWCA/Surgi-Center amendment. Therefore, Surgi-Center argues that it should have been notified of Carrier's participation in the AWCA/First Health agreement and its access to AWCA networks and had the opportunity to opt out.

To the contrary, Carrier contends that the AWCA/Surgi-Center amendment contained no notice provision similar to the one provided in the original 2004 agreement. Consequently, because the terms of the AWCA/Surgi-Center amendment and the agreement conflict, the AWCA/Surgi-Center amendment governs. We agree with carrier and affirm the Commission's finding.

"The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares." Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984) (quoting Meade v. Wallen, 226 Va. 465, 467, 311 S.E.2d 103, 104 (1984)). "When two provisions of a contract seemingly conflict, if, without discarding either,

---

Commission's determination involved its interpretation of the AWCA/Surgi-Center amendment and whether the notice provision from the 2004 agreement applied. The parties did not dispute the existence of any of the applicable contracts, and the Commission made no factual findings underpinning its interpretation of the contracts. Therefore, a *de novo* standard of review is applicable in this case.

they can be harmonized so as to effectuate the intention of the parties as expressed in the contract considered as a whole, this should be done." Plunkett v. Plunkett, 271 Va. 162, 168, 624 S.E.2d 39, 42 (2006) (quoting Ames v. American Nat'l Bank of Portsmouth, 163 Va. 1, 39, 176 S.E. 204, 217 (1934)).

The AWCA/Surgi-Center amendment did not contain the notice provision set forth in the original agreement. Thus, in the event of a conflict in definitions or provisions between the agreement and the AWCA/Surgi-Center amendment, the plain language of the AWCA/Surgi-Center amendment states that it governs. Therefore, Aetna was not required to provide Surgi-Center with notice of payors to which it extended the benefits of the AWCA/Surgi-Center amendment.[5] Furthermore, Surgi-Center entered the AWCA/Surgi-Center amendment specifically to become a participating provider in Aetna's workers' compensation network and as part and parcel of that agreement, agreed to accept reduced rates for qualifying payors. Carrier qualified as a payor as of September 1, 2007, when First Health contracted with Aetna to provide its clients with access to AWCA's reduced rates. To put it simply, carrier had access to AWCA's reduced reimbursement rates as a payor prior to Surgi-Center executing the AWCA/Surgi-Center amendment and becoming a preferred provider in AWCA.

For these reasons, we agree with the Commission's ruling that the notice requirement in the agreement conflicted with the terms of the AWCA/Surgi-Center amendment and that the

---

[5] We note that Carrier qualified as a "Payor" according to the terms of the AWCA/Surgi-Center amendment. As a client of First Health, Carrier was provided access to the AWCA network through the AWCA/First Health agreement. Further, pursuant to the existence of the services agreement and the AWCA/First Health agreement, carrier qualified as a payor to which Aetna could provide access to Surgi-Center as a participating provider under the AWCA/Surgi-Center amendment at the time the amendment was executed.

AWCA/Surgi-Center amendment provisions prevailed.  Therefore, the Commission did not err in holding that the medical bills at issue were properly reduced.

<u>Affirmed.</u>